**UNITED STATES of America ex rel. Lenox J. EDWARDS, Appellee,**

v.

**Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Appellant.**

No. 541, Docket 32280.

United States Court of Appeals Second Circuit.

Argued June 21, 1968.

Decided July 25, 1968.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, of counsel), for appellee.

Michael H. Rauch, Asst. Atty. Gen. of the State of New York (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellant.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM:

We affirm essentially for the reasons stated in Judge Tyler's thorough opinion below.

However, we do not go as far as Judge Tyler seems to have gone, in holding that once the defendant, who lacks appellate counsel, has manifested his indigency and his desire to appeal, "the burden shifts to the state to properly process his appeal."

As we stated in United States ex rel. Mitchell v. Follette, 358 F.2d 922, 927, " * * * the court, and hence the state, is not a surety for the proper performance of counsel whether assigned or retained * * *."

The responsibility of the state through its courts in such a situation is to assign appellate counsel for the indigent appellant and to see that he has a free transcript of the record below. Here the assignment of appellate counsel was for the Appellate Division. Under the former New York Code of Criminal Procedure, the Clerk of the Bronx County Court, where appellant was tried and convicted, was required to prepare and forward the trial record to the Appellate Division. N.Y.Code Crim.Pro. § 485(8).

The responsibility of the state through its prosecuting arm in moving to dismiss an appeal of an indigent defendant, includes informing the appellate court of the appellant's indigency and the necessity for the appointment of appellate counsel to represent him, as well as, of course, giving adequate notice of the application to the indigent appellant.

None of these responsibilities seem to have been performed in connection with the dismissal of this petitioner's appeal from his conviction. Under these circumstances petitioner was unconstitutionally deprived of his right to appeal, as Judge Tyler properly held.

* Of the Southern District of New York, sitting by designation.