■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LENOX EDWARDS, Appellant.— Order, Supreme Court, Bronx County entered January 14, 1971, which denied, without a hearing, the petition for a writ of error *coram nobis,* is affirmed. The defendant was convicted of murder in the first degree and sentenced to life imprisonment in 1948. An accomplice, Madeline Jackson, testified against him. He contends bad faith on the part of the prosecutor (*People* v. *Savvides,* 1 N Y 2d 554; *People* v. *Mangi,* 10 N Y 2d 86), in not revealing a promise to her to recommend a lenient sentence in return for her co-operation. At the trial, on cross-examination she admitted that she had been permitted to plead to second degree manslaughter and was hoping that her sentence would be lessened or suspended, but was not expecting it. In 1961, defendant petitioned for a writ of error *coram nobis* on the ground that his admissions introduced at the trial were coerced, and that the prosecutor knowingly used perjured testimony to convict him. The denial of the writ was affirmed by this court (19 A D 2d 698) and by the Court of Appeals (14 N Y 2d 551). In 1965, defendant's *coram nobis* proceeding brought him a hearing on the voluntariness of statements made by him and introduced at his trial. The statements were found voluntary, and the denial of a vacatur of conviction was affirmed by this court (27 A D 2d 989) and leave to appeal to the Court of Appeals was denied. In 1967, the defendant's *coram nobis* petition alleging trial court error for failing to instruct the jury that its recommendation of clemency was not binding on the court when sentence was imposed, was denied, and the order affirmed by this court (30 A D 2d 779). In 1968, pursuant to a writ of habeas corpus in the United States District Court (281 F. Supp. 632) appellate review of the original conviction, appeal from which had been abandoned due to claimed destitution and ignorance of procedure, was permitted and the order affirmed by the United States Court of Appeals, (399 F. 2d 298). Accordingly, defendant was afforded by this court full appellate review, and the judgment of conviction affirmed (34 A D 2d 893) and leave to appeal was denied by the Court of Appeals. Aside from the fact that it would seem that every avenue has heretofore been explored with respect to the defendant's conviction, there is no indication that the District Attorney had any understanding with Madeline Jackson with respect to her testimony other than permitting her to plead guilty to the lesser crime of second degree manslaughter instead of the indictment for murder in the first degree. The dissent merely indicates a possible rapprochement between the District Attorney and the sentencing Judge, but no suggestion that it had been communicated to Madeline Jackson. Concur — Stevens, P. J., McGivern, Nunez and Kupferman, JJ.; Murphy, J., dissents in the following memorandum: I find nothing in the denial of defendant's 1961 *coram nobis* application (affirmed by this court, 19 A D 2d 698, and by the Court of Appeals, 14 N Y 2d 551) to support Trial Term's denial of the instant application on the sole ground that these same allegations were raised and decided therein. Indeed, the People did not even proffer such ground in their opposition below. I therefore find no impediment to a consideration of the merits of appellant's current claim. Simply stated, the issue before us is whether or not appellant is entitled to a hearing on his allegation that the District Attorney had promised one of his original codefendants, Madeline Jackson (who later became a principal witness against

him) to recommend a lenient sentence in return for her cooperative testimony, but failed to advise the trial court and jury thereof when she denied that any such promise had been made, although admitting that such was her "hope". On arraignment, Miss Jackson, who, like defendant, had been indicted for murder in the first degree, was permitted to plead guilty to second degree manslaughter. On this appeal, the People argue that the District Attorney recommended acceptance of such plea, in writing, because of Miss Jackson's anticipated "co-operation" but, as to any further favorable treatment, there is "nothing to indicate that Jackson had been promised leniency." The record of Miss Jackson's sentence, however, discloses the following: "THE COURT: Does the District Attorney wish to be heard in the case? MR. GETZOFF: The People submit that your Honor has a full report and The People have no recommendation *other than heretofore made.* * * * THE COURT: Mr. Delagi (the trial assistant) is not available at the present time because he is ill. * * * I discussed the matter with him and *I am familiar with his intentions in the case.* * * * This defendant has co-operated with the authorities and has co-operated with the District Attorney and society to the extent of testifying in that case. *It was with that understanding, I believe, that the District Attorney made the recommendation.* * * * *I have accepted the District Attorney's advice in the beginning and I am accepting his advice insofar as the punishment is concerned."* (Italics supplied.) Accordingly, it clearly appears that the District Attorney recommended a lenient sentence for Miss Jackson. What does not so clearly appear, however, is whether or not she was promised such recommendation before she testified against appellant. If the District Attorney had any such understanding with Miss Jackson and failed to disclose it on appellant's trial, appellant's conviction cannot stand. (*People* v. *Savvides,* 1 N Y 2d 554; *People* v. *Mangi,* 10 N Y 2d 86; *People* v. *Carraway,* 20 A D 2d 861, affd. 15 N Y 2d 804.) In the recent case of *People* v. *Washington* (38 A D 2d 189) the Appellate Division, Second Department, by a divided court, seems to have limited the rationale of the above-cited Court of Appeals cases to situations where defendant did not know of the perjured testimony. We made no such distinction in *People* v. *Carraway* (*supra*) where it appears that defendant was advised of a promise to his codefendant of plea leniency in exchange for co-operative testimony but was too ignorant of the significance of the statement to tell his lawyer. Nevertheless, the hearing which I believe is required should also include an examination into defendant's knowledge of any promise allegedly made to Miss Jackson of a lenient sentence recommendation. By reason of the foregoing, the order appealed from should be reversed and the matter remitted for a hearing on the limited issues presented.