HORACE E. ALLEN, public administrator, *vs.* FALICJA MAZUROWSKI & others.

Hampden.    September 21, 1944. — October 26, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Executor and Administrator*, Distribution. *Evidence*, Presumptions and burden of proof. *Death.*

Funds in the possession of a public administrator of the estate of a Massachusetts decedent, who died in 1942 and had been in correspondence with his wife and children in Poland until 1939 when postal communications with residents there were suspended, where there had been no further available information respecting the widow and children up to the time of a petition for distribution in 1943, should be ordered distributed among them, and any sum unclaimed after six months should be ordered placed on deposit under G. L. (Ter. Ed.) c. 206, § 25; G. L. (Ter. Ed.) c. 194, § 10, was not applicable.

PETITION, filed in the Probate Court for the county of Hampden on November 10, 1943.

The case was reserved and reported by *Stapleton*, J.

*G. B. Robinson*, Assistant Attorney General, for the Treasurer and Receiver General.

*D. E. Sullivan & J. J. Sullivan*, for Falicja Mazurowski and others, submitted a brief.

DOLAN, J. This is a petition by the public administrator of the estate of Leon Mazurowski, deceased, intestate,

for distribution of the balance of $2,106.14 in the hands of the petitioner.

The report of the judge discloses the following facts. The petitioner was appointed public administrator of the estate of Leon Mazurowski by decree dated September 8, 1942. The petition for distribution was filed on November 10, 1943, and recites that the balance in the hands of the petitioner remains to be distributed among persons "unascertained, whose names, places and [sic] residence and relationship to the deceased are unknown," and that therefore distribution should be made to the "Treasurer and Receiver General of the Commonwealth of Massachusetts, to be held for the benefit of those who may later prove their claim." The prayer of the petition is that distribution be decreed "among such persons as may be proved to be entitled thereto according to law." The Attorney General appeared for the Treasurer and Receiver General of the Commonwealth (G. L. [Ter. Ed.] c. 194, § 4), and counsel designated by the alien property custodian appeared for and in behalf of Falicja, Joseph, Bronislawa and Irene Mazurowski, "persons within enemy occupied territory." The following facts were agreed in a written stipulation of the parties. The decedent had a wife, Falicja, and the three children above named. They resided in Poland when last heard from in 1939. Written communications had been "exchanged between the decedent and his wife and children prior to the time of the occupation of Poland by the German army in September and October of 1939." On October 17, 1939, by order of the Postmaster General of the United States, all postal communications with residents of Poland were suspended, and, by reason thereof, "no information has been or is now available to determine whether the widow of the decedent or his children or any of them, are living or were living on August 16, 1942." The judge, reciting that it was "impossible to determine whether or not the persons mentioned in the 'stipulation of facts' were alive on the death of . . . [the decedent]," reserved and reported the evidence and all questions of law for the consideration of this court. (See G. L. [Ter. Ed.] c. 215, § 13.)

The Attorney General contends that the petitioner should be ordered to turn over the balance in his hands as public administrator of the estate of the decedent to the Treasurer and Receiver General of the Commonwealth, asserting that the provisions of G. L. (Ter. Ed.) c. 194, § 10, so require. Counsel for the respondents Falicja, Joseph, Bronislawa and Irene Mazurowski contend that a decree should be entered in the usual form ordering distribution to them in the proper proportions prescribed by G. L. (Ter. Ed.) c. 190, with directions for the deposit in a savings bank, in the name of the judge of probate, of the sum to which each is entitled to accumulate for his or her benefit. See G. L. (Ter. Ed.) c. 206, § 25.

General Laws (Ter. Ed.) c. 194, § 10, relied on by the Attorney General, has no application to the facts in the present case. That statute requiring a public administrator, after the estate has been fully administered, to deposit any balance remaining in his hands with the Treasurer and Receiver General, to be held by him for the benefit of those who may have lawful claims thereto, and providing that within six years thereafter the Probate Court may, upon application of the executor or administrator, if it appears that certain persons have lawful claims upon the said balance, enter a decree directing that it be repaid to him, and that the Treasurer and Receiver General shall pay over to him the deposit to be administered by him as a part of the estate of the deceased, applies by its express terms only to the estate "of a person who died leaving no known heirs." That is not so in this case. In the present case the wife and children and the decedent were exchanging written communications up to three years before the date of his death. There was no unexplained absence on their part from their domicil or established residence for more than seven years prior to the death of the decedent which would give rise to the common law presumption that they had predeceased the decedent. See *Loring* v. *Steineman*, 1 Met. 204, 211; *Stockbridge, petitioner*, 145 Mass. 517, 519; *Talbot, petitioner*, 250 Mass. 517, 520, and cases cited. In the present case, there being no proof of actual death, there is a pre-

sumption that at the time of the death of the intestate his widow and children were living which continues until the contrary is shown, and as presumptively living persons they became entitled to share in the estate of the decedent in the manner provided by G. L. (Ter. Ed.) c. 190, §§ 1, 2, 3. *Bartley* v. *Boston & Northern Street Railway*, 198 Mass. 163, 172. *De Normandie* v. *Zwinge*, 255 Mass. 214, 219. *Vogel's Case*, 257 Mass. 3, 5.

General Laws (Ter. Ed.) c. 206, § 25, provides as follows: "If money which a decree of a probate court has ordered to be paid over remains for six months unclaimed, the executor, administrator, guardian, conservator or trustee who was ordered to pay the same may deposit it in a savings bank or other like institution, or invest it in bank stock or other stocks, as the probate court orders, to accumulate for the benefit of the person entitled thereto. Such deposit or investment shall be made in the name of the judge of probate for the time being, and shall be subject to the order of the judge and of his successors in office as hereinafter provided. The person making such deposit or investment shall file in the probate court a memorandum thereof, with the original certificates or other evidences of title thereto, which shall be allowed as a sufficient voucher for such payment. When the person entitled to the money deposited satisfies the judge of his right to receive it, the judge shall cause it to be paid over and transferred to him." See also G. L. (Ter. Ed.) c. 168, §§ 41, 43, providing for payment of deposits standing in the name of a judge of probate that have been unclaimed for more than twenty years to the Treasurer and Receiver General upon application of a person interested or the Attorney General.

In the interpretation of § 25 of G. L. (Ter. Ed.) c. 206, in connection with § 21, the form of decree provided for in the approved form in the matter of petitions for the distribution of intestate estates (see G. L. [Ter. Ed.] c. 215, § 30), after setting forth the balance for distribution and the names of the persons entitled thereto and specifying their respective proportions, concludes as follows: "It is decreed, that said balance be distributed among them, and

that an order for such distribution be issued accordingly, with the direction to deposit in the            Savings Bank, in the name of the Judge of Probate, any sums remaining unpaid after six months." Since in the present case, by virtue of the presumption of continued existence of the widow and children of the decedent as hereinbefore set forth, they must be taken to have been living at the date of his death, they are entitled to a decree of distribution in the usual form just referred to. See *Parker* v. *Kückens,* 7 Allen, 509, 511. Decree is to be entered in the court below accordingly.

*So ordered.*