COMMONWEALTH OF MASSACHU-
SETTS et al., Defendants,
Appellants,

v.

Robert F. KENNEDY, Attorney General
of the United States, as Successor to
the Alien Property Custodian, Plaintiff,
Appellee.

No. 5791.

United States Court of Appeals
First Circuit.

May 16, 1961.

William C. Ellis, Asst. Atty. Gen., of Massachusetts, with whom Edward J. McCormack, Jr., Atty. Gen. of Massachusetts, was on the brief, for appellants.

Norman A. Hubley, Asst. U. S. Atty., Boston, Mass., with whom W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., was on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

■ The Trading with the Enemy Act, 50 U.S.C.A.Appendix, §§ 1–39, does not provide for interest in the ordinary case where a party fails to honor a demand for payment by the Alien Property Custodian. McGrath v. Manufacturers Trust Co., 1949, 338 U.S. 241, 70 S.Ct. 4, 94 L.Ed. 31. We see no greater reason to charge interest against the defendant because it happens to be a sovereign state. Indeed, there may well be less reason. Plaintiff-appellee has taken certain language in the McGrath opinion referring to the summary nature of the statutory proceedings and the coercive penalties provided, and it argues on this basis that the present case is distinguishable because, as a practical matter, criminal sanctions would be inappropriate, or difficult to enforce, against the officials of the Commonwealth. The difficulty of utilizing what the statute has expressly provided does not permit us to supply what the statute has clearly omitted.

■ It is also argued that Mass.Gen. Laws ch. 194, § 10, under which the public administrator purported to act, did not authorize him to turn the decedent's estate over to the Commonwealth, and that, apart from plaintiff's claim, the administrator should have taken steps to cause the funds in his hands to "accumulate," as provided in Mass.Gen.Laws ch. 206, § 25. See Allen v. Mazurowski, 1944, 317 Mass. 218, 57 N.E.2d 544. Had the present suit been against the administrator, this statute might have supplied the independent obligation to pay interest commented upon as lacking in McGrath. But all that the administrator in fact delivered to the Commonwealth was the principal, and plaintiff points to no local statute requiring the Commonwealth to invest, or to pay interest. The Commonwealth, accordingly, is in the same position as the bank in McGrath, without any obligation for interest independent of what might be imposed by the federal act. None was.

Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings consistent with this opinion.