DONALD J. ROSS, administrator, *vs.* ISAAC COHEN.

Essex.   January 6, 1967. — February 9, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Death.   Fire.   Proximate Cause.*

Evidence in an action of tort that an elderly tenant of a room in a building was seen in his room shortly before the building was destroyed by fire and was neither seen nor heard from thereafter was sufficient to rebut the presumption that he remained alive after the fire and warranted a finding that he died as a result of it.

TORT for the wrongful death of Hjalmar Johnson.   Writ in the Superior Court dated December 5, 1961.

The action was heard by *Thompson,* J., who found for the plaintiff.   The defendant alleged exceptions.

The case was submitted on briefs.

*Edward F. Hennessey & Raymond J. Kenney, Jr.,* for the defendant.

*Louis Albert* for the plaintiff.

SPALDING, J.   On February 3, 1961, Hjalmar Johnson, a retired fisherman in his middle seventies, was a tenant in a

Ross *v.* Cohen.

building in Gloucester owned by the defendant, known as the Bradford Building. The building was located on the corner of Main and Water streets. About nine forty-five on the evening of February 3, Johnson was observed by a friend seated at a table in his room "eating . . . and drinking out of a cup." At that time the windows of Johnson's room were closed. Shortly after midnight heavy black smoke was seen coming from the lower areas of the Bradford Building. Later smoke was seen coming out of Johnson's room from an open window. Eventually the smoke enveloped the entire building. Firefighters arrived at the scene and assisted in rescuing tenants from the building. Several tenants escaped by going onto a roof at the second floor level. All of the rescue work was performed by the firemen in the hallways; they did not enter the individual rooms. A police officer "kicked in the . . . doors of the first two or three rooms that face onto Water Street . . . which was as far as . . . [he] could go." Johnson's room was the second room on the Water Street side. The fire, fanned by a strong wind, got out of control and flames enveloped the entire building. The roof and both floors collapsed and fell into the basement. After the fire was extinguished only the walls were left standing.

A close friend of Johnson, who customarily saw him in the Fishermen's Institute three or four times a week, has not seen him since the fire. Another friend, who managed a hotel near the Bradford Building has likewise not seen him since that time. There is no evidence that since the fire he has been seen by anybody. His safe deposit box in a Gloucester bank was drilled open and was found to contain a naturalization certificate, a passport, a $1,000 U. S. Postal Savings bond, and a lock of hair tied with a ribbon.

The plaintiff, having been appointed administrator of Johnson's estate, brings this action of tort for wrongful death.[1] The judge, sitting without a jury, found for the

---

[1] A certificate of the plaintiff's appointment as administrator of Johnson's estate was introduced in evidence "but not as . . . evidence of the death of . . . Johnson."

plaintiff on the evidence summarized above and assessed damages in the amount of $10,000. He found that "the fire caused . . . [Johnson's death] and that he left next of kin; . . . [and that Johnson's death was] causally related to the negligence of the defendant . . . which causal relationship was not broken by any intervening efficient, independent or dominant cause." The defendant concedes that the evidence was sufficient to warrant a finding that he was negligent. He also concedes that if Johnson is dead there are persons alive who would qualify as his next of kin.

The questions for decision arise out of the defendant's exceptions to the judge's findings and to the denial of his fourth, fifth and sixth requests for rulings which read: "4. A finding for the defendant is required as a matter of law. 5. The evidence does not warrant a finding that on the date of the commencement of this action for wrongful death . . . Johnson was dead. 6. The evidence does not warrant a finding that . . . Johnson died as a result of the fire at 209 Main Street, Gloucester, on February 4, 1961."

In the absence of proof of actual death or of unexplained absence from his domicil or established residence for more than seven years, there is a presumption that a person remains alive. *Allen* v. *Mazurowski,* 317 Mass. 218, 220–221, and cases cited. *Knapp* v. *Graham,* 320 Mass. 50, 54. But this presumption may be rebutted. In *Hanzes* v. *Flavio,* 234 Mass. 320, 328–329, there was evidence that a man was seen fighting on a battlefield in Greece and that his comrades were forced to retreat leaving many dead and wounded, after which the man had never been seen or heard from. Funeral services were held in his memory and relatives referred to him in letters as having died. It was held that these facts were competent evidence upon the question whether the man was killed in the battle and were sufficient to support a finding to that effect.

Here there was evidence that Johnson was seen in his room shortly before the building was destroyed by fire and was neither seen nor heard from thereafter. There are, of course, the possibilities that he left the building before it

was destroyed, or that, even if he did not leave the building, he had died from other causes before the smoke and fire reached his room. But the plaintiff is not required to establish the fact and cause of death beyond all such possibilities. We are of opinion that the evidence was sufficient to rebut the presumption that Johnson remained alive and to warrant the judge in finding that he died as a result of the fire. See *Sargent* v. *Massachusetts Acc. Co.* 307 Mass. 246, 250–251. The denial of the defendant's fourth, fifth and sixth requests reveals no error.

*Exceptions overruled.*