489 F.2d 266
 UNITED STATES of America ex rel. Preston PEBWORTH,
Petitioner-Appellant,
v.
William R. CONTE, Director of Department of Institutions;
Washington State Board of Prison Terms and
Paroles, Respondents-Appellees.
 No. 73-2207.
 United States Court of Appeals, Ninth Circuit.
 Jan. 2, 1974.
 
 Preston Pebworth, in pro per.
 Slade Gorton, Atty. Gen., State of Washington, and Thomas A. Prediletto, Asst. Atty. Gen., Olympia, Wash., for respondents-appellees.
 Before KOELSCH, WRIGHT and GOODWIN Circuit Judges.
 OPINION
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This is an appeal from a denial without hearing of a petition for habeas corpus. The Petitioner, an inmate of Louisiana State Penitentiary, has attacked the validity of an earlier conviction in 1960 in the Washington State Superior Court for Yakima County. He there pleaded guilty to the crime of forgery in the first degree, was sentenced to a prison term of not more than 20 years, served a portion of that sentence, and was released on parole in 1962. For some failure to comply with parole conditions, his parole was revoked in January 1966 but, because he was not within the State of Washington at the time or since, the Washington authorities have not apprehended him.
 
 
 2
 In January 1967 he was charged, tried, and convicted in Louisiana of the crime of armed robbery and sentenced to a maximum term of not more than 30 years in the Louisiana institution. Washington has filed a detainer there because of the earlier parole violation.
 
 
 3
 Because of the prior Washington State conviction, Pebworth has two felony convictions and alleges that this status causes him to be denied vocational training, certain rehabilitation programs, and the status of trusty.
 
 
 4
 In question here is the sufficiency of the inquiry made in Yakima County Superior Court in 1960 at the time of Pebworth's plea of guilty. Specifically, we are concerned with whether Pebworth was adequately advised of his constitutional rights, knowingly waived his right to counsel, and was advised of the consequences of his plea before entering it.
 
 
 5
 The state attorney general, counsel for the appellees, has helpfully supplied us with transcripts of proceedings in two departments of the Superior Court for Yakima County in June and July 1960. Before one judge, Pebworth was arraigned, interrogated thoroughly about representation by counsel, was informed that the court would appoint counsel at public expense, and then knowingly and intelligently waived his right to an attorney. Having stated that he understood the charge made against him, he elected to enter a plea of guilty. He was not told, however, that the punishment for first degree forgery might be confinement for the maximum term of 20 years. The crime charged involved the forgery of a check for $14.66.
 
 
 6
 A presentence investigation was requested, but Pebworth was brought on for sentence before another judge prior to the completion of the investigation. On this latter occasion, no further admonitions were given to Pebworth, and he was not told the consequence of his plea of guilty. He was then sentenced to the maximum term.
 
 
 7
 In its first disposition of the petition for habeas corpus, the district court took notice of the Yakima County Superior Court proceedings and concluded that the petitioner had knowingly waived the right to counsel and that his plea was properly entered. Upon appeal, we remanded for reconsideration in light of Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The district court reaffirmed its previous ruling but did not consider whether Pebworth was aware of the consequences of his plea.
 
 
 8
 The state concedes that the state judges did not advise Pebworth of the consequences of his plea but argues that the subsequent events in Louisiana were unforeseeable in 1960 and that there are many consequences of a felony conviction that need not be enumerated upon taking a guilty plea.[1] While there is merit in that argument, since there are indeed numerous collateral consequences of a felony conviction, it does not deal with the responsibility of the state court judge to advise a defendant of the direct consequence of his guilty plea, that is, the punishment that may be imposed. Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364 (4th Cir. 1973);[2] Pedicord v. Swenson, 431 F.2d 92, 93-94 (8th Cir. 1970).
 
 
 9
 The petitioner is entitled to an evidentiary hearing to determine whether he knew the direct consequences of his plea; that is, the range of allowable punishment thereunder. We remand for a hearing on that question. If the district court finds the answer to be in the negative, the state should have 60 days thereafter within which to re-try the appellant or to dismiss the information.
 
 
 
 [1]
 We held in Johnson v. United States, 460 F.2d 1203 (9th Cir. 1972), that a sentencing judge is not required to advise a defendant that prison terms could be made to run consecutively. The opinion noted that:
 'The consequences of a plea are so numerous that a trial judge would have difficulty in enumerating all of them.' 460 F.2d at 1204.
 
 
 [2]
 The court, in Cuthrell, had this to say of the distinction between direct and collateral consequences of a plea:
 'The law is clear that a valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea.' Wade v. Coiner (4th Cir. 1972) 468 F.2d 1059, 1060. By the same token, it is equally well settled that, before pleading, the defendant need not be advised of all collateral consequences of his plea, or, as one Court has phrased it, of all 'possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction of a plea of guilty, . . ..'
 . . . . pl
 'The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'