**Alexis I. duPONT de-BIE,
Appellee,**

**v.**

**John F. VREDENBURGH and Faith S.
Vredenburgh, Appellants.**

**No. 72-2404.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1973.

Decided Jan. 9, 1974.

As Amended Feb. 4, 1974.

---

Robert M. Wright, Baltimore, Md. (Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., on brief), for appellants.

J. Frederick Motz, Baltimore, Md. (Benjamin R. Civiletti and Venable, Baetjer & Howard, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge BOREMAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

In this intra-family dispute,[1] appellee Alexis I. duPont de-Bie filed suit against appellants John F. Vredenburgh and his wife Faith S. Vredenburgh on six promissory notes in the total face amount of Two Hundred, Sixty Five Thousand ($265,000) Dollars. Appellant John F. Vredenburgh counterclaimed on the basis of a promissory note in the face amount of One Hundred, Fifty Thousand $150,000) Dollars, executed by appellee in favor of John F. Vredenburgh; and both appellants filed a supplemental counterclaim for sums due under a "separation agreement" between appellee and his former wife, the right to collect which had been assigned the appellant John F. Vredenburgh.[2]

---

[1]. Appellee is the brother of Mrs. Vredenburgh. Jurisdiction is based upon diversity of citizenship.

[2]. It is alleged in the supplemental counterclaim that John F. Vredenburgh conveyed to Faith S. Vredenburgh a joint interest in the assignment agreement, but the District Court did not find in favor of Faith S. Vredenburgh on the supplemental counterclaim since no evidence was offered to support this contention.

After trial without a jury, the District Court entered judgment in favor of appellee on the six promissory notes and dismissed the counterclaim of the appellant John F. Vredenburgh based on the alleged $150,000 note given the appellant Vredenburgh by the appellee. However, the District Court rendered judgment in favor of appellant John F. Vredenburgh on the rights assigned to him by appellee's former wife, but only for such sums as had accrued under the separation agreement on the date of the assignment.[3] The court further concluded that pre-judgment interest on these sums was recoverable only to the extent of those unpaid installments due under the separation agreement which had previously been reduced to judgment by the wife in a Delaware proceeding. In accordance with these findings and conclusions, the District Court entered final judgment in favor of appellee in the amount of Three Hundred, Seventy Five Thousand, Eight Hundred, Twenty Seven and 50/100 ($375,827.50) Dollars, and in favor of John F. Vredenburgh on the counterclaim in the amount of Eighty Five Thousand, Eight Hundred, One and 23/100 ($85,801.23) Dollars. The Vredenburghs appealed. We affirm in part and reverse in part.

## I.

■ Appellants' defense to appellee's cause of action based on the first of the six promissory notes, in the face amount of Fifty Thousand ($50,000) Dollars, rested on the statute of limitations.

The District Court found that appellants had acknowledged their liability under such note at a meeting with appellee prior to the running of the statute and thus removed the bar of the statute.[4] We conclude that such finding was not clearly erroneous and affirm on this issue.

## II.

■ As a defense to appellants' counterclaim based on the $150,000 promissory note, appellee claimed lack of consideration, non-performance of a condition precedent, non-delivery, and delivery for a special purpose. The District Court found that the note had never been delivered to the appellant and, alternatively, if it had been delivered such delivery was for a special purpose.[5] This finding is not clearly erroneous and must stand.

## III.

■ In regard to the assignment by appellee's former wife of her rights under the separation agreement, the District Court held that such assignment conveyed rights to only those sums which had accrued at the date of the assignment. The Court suggested, as a basis for such finding, (a) that since the obligations of appellee's wife under the separation agreement were personal in nature, installments to become due in the future under such agreement could not be assigned, and (b) that since installments under the separation agree-

3. The separation agreement was executed on December 15, 1965 and assigned to appellant John F. Vredenburgh on January 22, 1970 (the assignment was subsequently clarified by amendment on August 16, 1971). Under the terms of the agreement, appellee was to pay his wife $2,500 a month from February 1, 1966 to January 1, 1967, $2,000 a month from February 1, 1967 to January 1, 1976, and $1,000 a month from February 1, 1976 to January 1, 1981, except that if the wife remarried, appellee was to pay her $1,000 a month from the date of her remarriage to January 1, 1981.

4. Brosius Dev. Corp. v. City of Hagerstown (1965), 237 Md. 374, 206 A.2d 571.

The first note became due on April 1, 1967. This suit was filed by appellee on June 25, 1970. The applicable statute of limitations is three years. The meeting at which appellants acknowledged their debt occurred in 1968.

5. More specifically, the Court found that the note had been placed in the files of a corporation owned by appellee but managed by appellant and had never been delivered directly to appellant; furthermore, the Court found that the $150,000 specified in the note was to be paid out of, and only in the event of, corporate profits, which were never realized.

ment were payable to appellee's wife only as long as she remained alive, appellant failed to meet his burden of proving that the wife was still alive as of the date of the judgment. We find unpersuasive these reasons for denial of appellant's right to judgment for all sums accruing under the separation agreement up to the date of the judgment. The general rule, of course, is that executory contracts for personal services or involving a relationship of confidence are not assignable.[6] It is equally well established, though, that the right to receive money due *or to become due* under an existing contract may be assigned, even though the contract, itself, may not be assignable because it involves personal services.[7] The fact that an assignor has obligations as well as rights under a bilateral contract, and that the obligations cannot be assigned, does not prevent him from assigning his rights.[8] Of course, if appellee's former wife had failed to perform her obligations under the agreement, the proof of such failure would have been a valid defense to this part of appellant's counterclaim.

▮ The appellee contends, however, that the burden rested on the appellant to establish that the former wife met the conditions on which the continuance of payments rested, i. e., that the former wife was alive at the time the sums to be paid by the appellee accrued. The separation agreement did provide, in the relevant part, that payments to the wife "shall cease and terminate immediately upon the death of either Husband or Wife".[9] This, of course, did condition the continuation of the payments to the ex-wife on the latter's continued existence. But the vice in appellee's argument is with reference to the burden of proof in this connection. It is well settled in the great majority of jurisdictions, including Maryland, that there is a presumption of the continuation of life.[10] Under this presumption, a person shown to have been alive at a given time is presumed to remain alive until the contrary is shown by some sufficient proof or, in the absence of such proof, until a different presumption arises.[11] The existence of such presumption shifts the burden of proving a person's death to the party who relies on such death.[12] In this case, appellee's former wife was shown to be alive as recently as 1971 when she executed the amendment to the assignment, and thus must be presumed to be alive in the absence of any contrary showing by the appellee.[13] Appellant is entitled to judg-

6. 6 Am.Jur.2d, § 11, pp. 196–7; 6 C.J.S. Assignments § 26, pp. 1074–1076; 4 Corbin on Contracts, § 865, pp. 434–451.

7. 6 Am.Jur.2d, § 15, p. 200; 6 C.J.S. Assignments § 15, pp. 1060–1061; Industrial Trust Co. v. Stidham (1942), 3 Terry 339, 33 A.2d 159; Florance v. Kresge (1938, 4th Cir.), 93 F.2d 784.

8. 4 Corbin in Contracts, § 867, pp. 459–64; Logan Planing Mill Co. v. Fidelity and Casualty Co. of N. Y. (S.D.W.Va.1962), 212 F. Supp. 906, 912.
   It is clear in this case that appellee's former wife did not attempt to assign the separation agreement itself to appellant, nor did she attempt to assign her obligation of continued performance.

9. Paragraph 7(e), Separation Agreement.

10. Lachowicz Death v. Lechowicz (1943), 181 Md. 478, 30 A.2d 793; 25A C.J.S. § 5, pp. 547–550; Fid. Mut. Life Assn. v. Mettler (1902), 185 U.S. 308, 316, 22 S.Ct. 662, 46

L.Ed. 922; English v. United States (D.Md. 1928), 25 F.2d 335, 336–337.

11. Howard v. Equitable Life Assur. Soc. (1938), 197 Wash. 230, 85 P.2d 253, 119 A.L.R. 1302; Re Estate of Holmlund (1962), 232 Or. 49, 374 P.2d 393, 99 A.L.R.2d 296.

12. McCormick on Evidence (1954 ed.) p. 642; Allen v. Mazurowski (1944), 317 Mass. 218, 57 N.E.2d 544, 545–546.

13. Appellee argues that the presumption of the continuation of life is inapplicable in this case, since appellant's counterclaim is not based upon contract rights which were his originally but rather is derived through the rights of the "missing" person (i. e. appellee's former wife) as to whom the presumption is to be applied. The suggested distinction is without merit. Acosta v. United States (1963), 320 F.2d 382, 384–385, 162 Ct.Cl. 631; Tobin v. United States Railroad Retirement Board (6th Cir. 1961), 286 F.2d 480, 483–484.

ment on the assignment for all sums which had accrued at the date of the District Court's final order.

### IV.

Finally, we conclude the appellant was entitled to recover interest on the total amount of the accrued but unpaid installments under the separation agreement up to the date of the District Court's final order. Appellee concedes that prejudgment interest is recoverable, as a matter of legal right, as part of the damages for nonpayment of a liquidated claim.[14] Nevertheless, appellee argues such interest should not be recoverable in this case because it was not specifically mentioned in the assignment. We disagree. It is arguable that if the separation agreement itself had specifically stipulated the payment of interest as separate from and in addition to the principal amount of such installment, and the assignment omitted any such stipulation of interest, then appellant may not have been entitled to recover such interest since the assignment contained a specific limitation that only the rights set forth in the assignment were intended to be transferred. In this case, however, interest is not recoverable pursuant to any express provision in the separation agreement but pursuant to operation of law. The principle is well settled that a valid assignment operates to pass the whole right of the assignor, and that thereafter the assignee stands in the place of the assignor, possessing all rights or remedies available to the assignor.[15] Appellee's former wife would have been awarded interest up to the date of judgment on the accrued but unpaid installments due under the separation agreement.[16] It is clear to us that it was her intention to assign all of her rights under such agreement.

Accordingly, the judgment of the district court is affirmed in part, and reversed in part, and the case is remanded with instructions to the district court for the entry of judgment in accordance with, the foregoing opinion.

---

14. Lichtenburg v. Joyce (1944), 183 Md. 689, 39 A.2d 789.

15. 6 Am.Jur.2d § 102, pp. 282–4; 6 C.J.S. Assignments § 82, pp. 1137–1138.

16. In fact, appellee's wife was awarded interest in the judgment which she obtained in a Delaware Court in 1969.