17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas SAND, Petitioner-Appellant,
v.
William BUNNELL, et al., Respondents-Appellees.
 No. 93-15182.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Douglas Sand appeals pro se the district court's denial, without an evidentiary hearing, of his habeas petition, pursuant to 28 U.S.C. Sec. 2254, challenging his 1984 conviction and sentence for second degree murder. Sand contends that his guilty plea was involuntary because he misunderstood the sentencing consequences of his plea bargain, and that he is entitled to an evidentiary hearing on this claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Background
 
 3
 Sand was convicted in 1976 of first degree murder, and received a sentence of seven years to life. In 1981, while serving that sentence, he was charged with the first degree murder of another inmate. He was tried twice on this charge, and both trials ended in a jury deadlock. On June 19, 1984, a few days before his third trial was to begin, Sand pleaded guilty to second degree murder, pursuant to a plea agreement that provided that his sentence would run concurrently with his sentence for the 1976 conviction, and be retroactive to June 19, 1983. He received a concurrent sentence of fifteen years to life, nunc pro tunc to June 19, 1983.
 
 
 4
 In 1989, Sand filed a pro se habeas petition in state court alleging that his sentence violated the plea agreement because he had pleaded guilty with the understanding that "concurrent" meant that his 1976 and 1984 sentences merged and all the years served on his 1976 sentence would be credited to his 1984 sentence. He further alleged that no one had explained to him at the time of his change of plea what "concurrent" meant or how his sentence would be calculated. He further alleged that he would not have agreed to the terms of the plea bargain had he understood that all the time he had served on his 1976 sentence would not be credited towards his 1984 sentence. The Solano County Superior Court judge who had sentenced Sand denied his petition without an evidentiary hearing. The California Court of Appeal and California Supreme Court summarily affirmed.
 
 
 5
 Sand sought habeas relief in the district court. The magistrate judge ordered the parties to expand the record to include the transcript of the change-of-plea hearing and any other evidence of what happened at the change of plea. No transcript of the change-of-plea hearing exists, however, and the original notes of the hearing have been lost or destroyed. Having examined the expanded record, which includes the minutes of the change of plea hearing and the transcript of the sentencing hearing, the district denied the petition without an evidentiary hearing.
 
 
 6
 On appeal, Sand contends that his guilty plea was involuntary because he was not advised of the direct consequences of his plea or his constitutional rights. He also contends that he is entitled to an evidentiary hearing on this claim.
 
 Voluntariness of Guilty Plea
 
 7
 We review de novo a district court's denial of a petition for a writ of habeas corpus. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We also review de novo a determination of whether a guilty plea was voluntary. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993).
 
 
 8
 To comport with due process, a guilty plea must be knowing, intelligent, and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea can be voluntary only if the defendant enters the plea fully aware of the direct consequences of his plea. Brady v. United States, 397 U.S. 742, 748-49 (1970); Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). A guilty plea is not necessarily involuntary, however, because the defendant did not correctly assess every relevant factor entering into his decision." Brady, 397 U.S. at 756.
 
 
 9
 Before accepting a guilty plea, a court must advise a defendant of the "range of allowable punishment" that may be imposed as a result of the plea. Torrey, 842 F.2d at 235; see also United States ex rel. Pebworth v. Conte, 489 F.2d 266, 268 (9th Cir.1974). Where the trial court has fairly apprised the defendant of the consequences of his guilty plea, the plea cannot be challenged as violative of due process unless it was induced by threats, misrepresentation, or improper promises, or the government has breached the plea agreement. Mabry v. Johnson, 467 U.S. 504, 509 (1984); United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990). Where the terms of a plea agreement are in dispute, the appropriate factual inquiry is what the parties reasonably believed to be the terms at the time of the plea. See United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended, 990 F.2d 1163 (1993).
 
 
 10
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Norris, 878 F.2d at 1180 (citing Townsend v. Sain, 372 U.S. 293, 312-13 (1963), overruled in part by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992)). An evidentiary hearing is appropriate if necessary to determine whether a guilty plea by a State defendant was voluntarily and intelligently made. See Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974).
 
 A. Violation of Plea Agreement
 
 11
 Sand alleges that his understanding of the plea agreement, though incorrect, was reasonable in light of his ignorance of legal terms and the court's failure to advise him of the meaning of "concurrent."
 
 
 12
 Because no transcript of the change-of-plea hearing exists and an evidentiary hearing has never been held, the record does not contain any direct evidence of Sand's understanding of the plea agreement at the time of the change of plea. The existing record indicates, however, that if in fact Sand believed that the agreement provided that his 1976 and 1984 sentences merged, this belief was objectively unreasonable because it was inconsistent with information he was given about his sentence both at the change-of-plea hearing and at sentencing.
 
 
 13
 The terms of the plea agreement, which are undisputed, are recorded in the minutes of the change-of-plea hearing, held on June 19, 1984. The provision that the judgment and sentence be entered nunc pro tunc to June 19, 1983 is noted in the minutes. This provision in effect gave Sand one year's credit for time served towards his 1984 sentence. Sand acknowledges that when he pleaded guilty, he was aware of this provision and of the fact that it would enable him to apply credits earned beginning June 19, 1983 to his 1984 sentence. Thus, even if, as he alleges, Sand was not advised of the difference between "concurrent" and "merged" sentences, he was on notice at the time of his change of plea that one of the bargained-for terms of the plea agreement was that his 1984 sentence would be retroactive to 1983. This provision would have been of no value to Sand if his 1984 sentence was to merge with his 1976 sentence. Furthermore, the sentencing judge stated at sentencing that Sand's concurrent sentence would begin on June 19, 1983.[1]
 
 
 14
 Under these circumstances, if Sand believed the plea agreement provided that all of the time served on his 1976 sentence would be credited to his 1984 sentence, such a belief would have been objectively unreasonable. Cf. Anderson, 970 F.2d at 606-07 (remanding for district court to determine what parties reasonably understood to be the terms of plea agreement where agreement was ambiguous on its face and its language was not inconsistent with defendant's interpretation). Because Sand's sentence does not violate the plea agreement and he would not be entitled to withdraw his plea on the ground that he misunderstood the minimum time he would have to serve on his 1984 sentence, he is not entitled to an evidentiary hearing on this claim. Cf. id. at 607-08; see Townsend, 372 U.S. at 312-13.
 
 
 15
 B. Court's Failure To Advise of Consequences of Guilty Plea
 
 
 16
 As discussed above, the record establishes that the trial judge advised Sand at sentencing, if not before, that his concurrent fifteen-years-to-life sentence would begin on June 1, 1983. If that beginning date was inconsistent with Sand's understanding of the plea agreement, he could have objected at that time. Where, as here, the sentencing judge apprised the petitioner of the allowable range of punishment under the plea agreement, and the petitioner does not allege that his plea was induced by threats, misrepresentation, or improper promises, the plea is not rendered involuntary solely on the basis of the defendant's misunderstanding of the minimum time he would have to serve.[2] See Mabry, 467 U.S. at 509. Because the record indicates that Sand was apprised of the allowable range of punishment that could be imposed and he did not allege in his petition that his plea was induced by threats or promises outside the record, he is not entitled to an evidentiary hearing on this claim. Cf. Pebworth, 489 F.2d at 267.
 
 
 17
 C. Failure To Advise of Constitutional Rights
 
 
 18
 Sand also contends that his plea was involuntary because the trial judge failed to advise him of his constitutional rights at the change-of-plea hearing, as required by Boykin, 395 U.S. at 242-43. Sand raised this claim for the first time in his federal habeas petition. The district court advised him that he could either return to state court to exhaust this unexhausted claim, or proceed on his original petition and forfeit his right to obtain review of this unexhausted claim in federal court. See Rose v. Lundy, 455 U.S. 509, 520 (1982); 28 U.S.C. Sec. 2254(b). Sand chose to proceed on his original petition. Accordingly, we will not address the merits of this unexhausted claim. See Rose, 455 U.S. at 520.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court stated:
 I will ... sentence [Sand] to the Department of Corrections for the term prescribed by law, which is fifteen years to life. That sentence shall commence June 19, 1983. It shall run concurrently with existing sentences.
 
 
 [2]
 Although Sand states that his attorney failed to explain to him how his "concurrent" sentence would be calculated, he does not claim that he received ineffective assistance of counsel
 For the first time on appeal, however, Sand also alleges that his attorney told him that under the plea agreement his minimum eligible parole date would increase from seven years to ten years. Because Sand makes this allegation for the first time on this appeal, we decline to consider it. See Nevius v. Summner, 852 F.2d 463, 469-70 (9th Cir.1988), cert. denied, 490 F.2d 1059 (1989).