Stillman E. WILBUR, Jr., Petitioner, Applicant,

v.

STATE OF MAINE et al., Respondents.

No. 7535.

United States Court of Appeals, First Circuit.

Feb. 12, 1970.

Stillman E. Wilbur, Jr., pro se on application.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Petitioner, found guilty of murder by a jury on June 4, 1966, immediately requested an appeal, for which the trial court appointed two counsel to represent him. However, when his appeal was dismissed for want of prosecution in February 1969 and a motion to reinstate his appeal was denied by the Maine Supreme Judicial Court in September, petitioner—claiming his appeal had been lost by ineffective counsel—sought a writ of habeas corpus from the federal district court, which denied his petition for failure to exhaust state remedies. Petitioner comes to us seeking the certificate of probable cause which the district court denied.

28 U.S.C. § 2254 requires that a person in state custody must exhaust his state remedies before proceeding to the federal court for habeas corpus relief. The rationale behind this provision is that, for reasons of comity, a state court should have an opportunity to consider issues concerning its incarceration of a prisoner before a federal court considers the matter. Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The question before us here is whether the state courts of Maine have had a sufficient opportunity to consider petitioner's claim of ineffective counsel for us to say that he has satisfied section 2254. We believe that, in the special circumstances of this case,[1] he has.

1. See United States ex rel. Gockley v. Myers, 411 F.2d 216, 219 (3d Cir. 1969) (en banc).

The relevant facts were recited in the Maine Supreme Judicial Court's unpublished opinion refusing to reinstate petitioner's appeal. Counsel had been appointed for petitioner on June 8, 1966. No statement of points on appeal was filed by counsel within the required 30-day period. Rule 39(a), Maine R. Crim. P. Almost a year and a half later, the state moved to dismiss the appeal for want of prosecution—such motions to be served on defendant's counsel, Rule 49, Maine R. Crim. P.—but no action ensued. In May 1968, the state filed a second motion to dismiss, again with no response from petitioner's counsel. Finally, on February 21, 1969—the record on appeal not having been transmitted to the Law Court within 2 years of notice of appeal, Rule 39(c) (2)—the Superior Court granted the motion to dismiss, to become effective in 10 days unless a motion was forthcoming to prevent such dismissal. Appointed counsel, although they learned of this order on the 7th day, did nothing for some five months, at which time they sought relief from the dismissal of appeal by a motion to the Maine Supreme Judicial Court, apparently on the ground that the 37 month delay since trial—and 5 month delay since dismissal of appeal—had been occasioned by the "alleged dilemma that prosecution of the appeal without court-approved reservation would have jeopardized defendant's claimed issue of loss of jurisdiction by the court over his person at the time of sentence." The Maine Supreme Judicial Court summarily and appropriately rejected this ground, stating in addition that justice did not appear to demand a hearing of the appeal.

In a strictly legal sense, the only issue presented by counsel's belated motion was a procedural one concerning whether the alleged reason for delay constituted "exceptional circumstances" for purposes of Rule 39(a), Maine R. Crim. P., to justify reopening petitioner's appeal. However, this seems to us a rare case where the very facts recited within the four corners of the court's opinion presented such clear signals of a possible deprivation of the constitutional right to counsel that more was required than a simple adherence to the precise motion before the court, see United States ex rel. Kemp v. Pate, 359 F.2d 749 (7th Cir.1966), accompanied with the observation that petitioner could seek habeas corpus relief, presumably with the same counsel, to press any constitutional rights.

■■ This was not a case where the issue of the effectiveness of counsel emerged from a mare's nest of general allegations from a disappointed client, or where the state's highest court was inundated wth numerous claims and thus could justifiably confine its attention to issues presented on motion, or where a study of the record and briefs was needed to appraise counsel's competency and thereafter to apply the rigid test needed to condemn for general incapacity; this was total inaction by counsel appointed to press petitioner's appeal. The failure of court-appointed counsel to prosecute an appeal—in the absence of waiver by defendant or compliance of counsel with Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)— is a per se deprivation of the right to counsel.[2] On the face of the record such failure prima facie appears. Seemingly moribund court-appointed counsel offered a single, and insubstantial, reason for over three years of inaction, during all of which petitioner remained in prison awaiting the prosecution of his appeal.[3]

---

2. Anders v. California, *supra*; see Williams v. United States, 402 F.2d 548 (8th Cir. 1968) and Desmond v. United States, 333 F.2d 378 (1st Cir. 1964) ; compare Loper v. Beto, 383 F.2d 400 (5th Cir. 1967) and Goforth v. Dutton, 409 F.2d 651 (5th Cir. 1969) with Landry v. United States, 401 F.2d 149 (5th Cir. 1968).

3. While the petition alleges persistent communications to both counsel and eventually to the state's highest court urging expedition of his appeal, the "dilemma" advanced by counsel in support of the motion, at least on its face, suggests that petitioner had not abandoned or waived his appeal.

It may be that further development of the facts will reveal that there has been no deprivation of constitutional rights. All we mean to say is that this matter was so clearly before the Maine Supreme Judicial Court by the very facts which it recited in denying a narrower motion to reopen the appeal that it can, consistent with the mutual obligations of comity, be deemed to have considered petitioner's claim of ineffective counsel. Under these peculiar and perhaps unique circumstances, we find it no more than fair to petitioner—and not unfair to the state court—to consider that the exhaustion requirement has been satisfied here.

■ The Maine Supreme Judicial Court also concluded that no injustice would result by denying the appeal in this case. To the extent that such thought was an invocation of the rule of Wood v. Maine, 161 Me. 87, 207 A.2d 398 (1965), that one who is improperly denied his right of appeal must also show "plain reversible error at trial" or some other such prejudice in order to regain his appeal, we note that the Supreme Court in Rodriguez v. United States, 395 U.S. 327, 329–330, 89 S.Ct. 1715, 23 L.Ed. 2d 340 (1969), has rejected the rule of the Ninth Circuit relied on in *Wood* (and our view expressed in Desmond, *supra*, 333 F.2d at 381). Where the state grants a right of appeal to a state prisoner—15 Maine R.S.A. § 2115 (appeal of right from criminal convictions in Superior Court)—we conclude that the rationale of Rodriguez applies to state prisoners as well as federal prisoners.

We therefore direct the district court to appoint counsel for the petitioner, and to enter an order granting the writ unless (1) the state, within a reasonable time, shows cause why petitioner's allegations as to ineffective representation by counsel are without merit; and (2) if it fails to show cause, the Supreme Judicial Court of Maine, within such further time as is reasonable, reinstates and hears the appeal.