**UNITED STATES ex rel. Joseph RANDAZZO, Appellant,**

v.

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 838, Docket 32325.**

United States Court of Appeals, Second Circuit.

Argued April 16, 1971.

Decided June 17, 1971.

---

Phylis Skloot Bamberger, Legal Aid Society of New York, New York City, for appellant.

Frank I. Strom, II, Deputy Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., of New York, for respondent.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

In 1949 petitioner Joseph Randazzo was convicted of manslaughter in the first degree after a jury trial in the then Court of General Sessions, New York County, and he was sentenced to a term of imprisonment of six to twenty years. Randazzo requested his retained trial counsel, Mr. Morris Dickman, to take an appeal from the judgment of conviction, and Mr. Dickman filed a timely notice of appeal. Leave was also granted to proceed on the original record and printed briefs, which were to be submitted by a set date. When no record or brief had been filed as directed by the Appellate Division, the State moved to dismiss the appeal for lack of prosecution. Notice of the motion was given to Attorney Dickman, but not to Randazzo. The motion to dismiss was granted by the Appellate Division on February 1, 1950, "no one appearing in opposition thereto." Randazzo now seeks to have this appeal reinstated.

In 1957 Randazzo was released on parole, but was arrested in 1962 for violation of that parole. After arresting Randazzo, the parole officer searched Randazzo's apartment and discovered 31 ounces of heroin. This discovery resulted in an indictment for violation of New York's narcotics laws, and Randazzo pleaded guilty to the crime of attempted possession of a narcotic drug and was sentenced as a second felony offender to a term of imprisonment of from three to six years.[1]

---

1. Randazzo also sought habeas corpus relief relative to this conviction and relief was denied, 282 F.Supp. 10 (SDNY1968), aff'd, 418 F.2d 1319 (2 Cir. 1969).

Having been sentenced as a second felony offender on the narcotics charge and apparently facing imprisonment for the remainder of the manslaughter sentence, Randazzo, acting without counsel, moved, on April 28, 1964, in the Appellate Division for an order vacating the February 1, 1950 dismissal and for an order reinstating his appeal from the manslaughter conviction. The motion was denied without opinion. In July 1964 he sought a writ of error *coram nobis* in the applicable New York Supreme Court, the Supreme Court for New York County, alleging that his manslaughter conviction was invalid because the appeal had been dismissed "without giving notice to him of said dismissal." He also alleged that numerous letters to the Appellate Division and to Mr. Dickman during the appeal period went consistently unanswered. This *coram nobis* application was denied, and the denial was affirmed on appeal by the Appellate Division, 23 A.D.2d 772, 258 N.Y.S.2d 332 (1965). Permission to appeal to the New York Court of Appeals was denied.

In April 1965 Randazzo sought habeas corpus in the United States District Court for the Southern District of New York, setting forth essentially the same contentions raised in his *coram nobis* petition and asserting that he had been deprived of the effective assistance of counsel by Mr. Dickman's actions. This application was denied without a hearing on the grounds that the claim of lack of notice was without merit and that Randazzo had not exhausted his state remedies relative to his claim of ineffective assistance of counsel. This court affirmed the denial in June 1966.

In September 1966 Randazzo brought a second motion for a writ of error *coram nobis* in the Surpreme Court for New York County. He reiterated his contentions that the failure to give him notice of the State's motion to dismiss the appeal and the ineffective assistance of counsel deprived him of his right to appeal. In a supplementary affidavit, Randazzo also claimed that he was not able to appeal his manslaughter conviction by reason of indigency. In support of this last claim, Randazzo alleged that Dickman had been retained by his father and that Dickman had failed to perfect the appeal because Randazzo's family could not raise the necessary funds to pay the expenses of the appeal and the legal fees demanded. In this connection it is also claimed that Dickman had moved to appeal *in forma pauperis*, but no record of such a motion could be found.

This 1966 motion for *coram nobis* relief was denied. The claims relative to lack of notice and ineffective assistance of counsel were held to be foreclosed by the decision upon the 1964 *coram nobis* application. The newly raised claim of indigency and the supporting allegations were dismissed as "products of [Randazzo's] imagination." About the same time Randazzo brought a separate motion for a *Huntley* hearing to test the voluntariness of certain oral statements made by him to a detective which were admitted against him at his 1949 trial, and this motion was also denied. These denials were all affirmed by the Appellate Division, and leave to appeal to the New York Court of Appeals was denied.

In December 1967 Randazzo commenced the instant habeas corpus proceeding in the Southern District of New York. Again he raised the issues of lack of notice, ineffective assistance of counsel, indigency, and the lack of hearing on the voluntariness of his oral admissions. The petition was denied without a hearing, 282 F.Supp. 2 (S.D.N.Y. 1968). Judge Wyatt held that even if Randazzo's appeal had been "frustrated," Randazzo was not prejudiced as there was no merit to the points which he could have raised on a direct appeal from the manslaughter conviction. Judge Wyatt disposed of the request for a hearing on the voluntariness of Randazzo's admissions on the grounds that no objection had been made, or indeed could have been made, at trial as to their voluntariness.

Inasmuch as Judge Wyatt concluded that Randazzo suffered no prejudice even if his appeal had been wrongfully frustrated, we are faced with the threshold question of whether a showing of prejudice is necessary. Randazzo relies heavily on *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), handed down after Judge Wyatt's decision below, in which the Supreme Court reversed the Ninth Circuit and held that a petitioner seeking reinstatement of a federal appeal under 28 U.S.C. § 2255 need not even allege the points which he would raise on such a reinstated appeal. Contrary-wise, the State directs our attention to *Buster v. Hocker,* 428 F.2d 820 (9 Cir. 1970) (per curiam), in which *Rodriquez* was held inapplicable to federal habeas corpus review of state convictions. However, it appears that the opinion expressed in *Buster* is not necessarily the prevailing view in the Ninth Circuit. In *Gairson v. Cupp,* 415 F.2d 352, 354 (9 Cir. 1969), the court, citing *Rodriquez,* stated:

> In reaching this decision we do not pass upon the merits of appellant's direct appeal. It is enough to support the relief requested on appellant's habeas petition to decide that appellant had been deprived of his constitutionally secured right to counsel.

The petitioner Gairson, like Randazzo, was seeking the reinstatement of his appeal from a state conviction. See also *Nelson v. Davis,* 414 F.2d 1364 (9 Cir. 1969), affirming *Davis v. Wilson,* 278 F.Supp. 852 (C.D.Cal.1968). The First Circuit has squarely held that *Rodriquez* is applicable to state prisoners as well as to federal prisoners. *Wilbur v. State of Maine,* 421 F.2d 1327, 1330 (1 Cir. 1970). Compare *Henderson v. Cardwell,* 426 F.2d 150, 154–155 (6 Cir. 1970).

■ Because of the lack of unanimity in the decisions, we turn directly to *Rodriquez.* Rodriquez, like Randazzo, had retained counsel at his original trial. In both cases, the retained counsel was requested to perfect the appeal but failed to do so. With this background, the Court stated:

> Applicants for relief under § 2255 must, if indigent, prepare their petitions without the assistance of counsel. \* \* \* Those whose education has been limited \* \* \* might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. \* \* \* Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. 395 U.S. at 330, 89 S.Ct. 1715, at 1717 [citations omitted].

Except for the possible distinction between federal and state convictions, we see no material difference between *Rodriquez* and the present case. Indeed, the presence of state issues in the present context actually makes Randazzo's case stronger than that of *Rodriquez* for these state issues should be decided by a state appellate court after argument by counsel there and not by a federal district court without a hearing. Therefore, we hold that *Rodriquez* is applicable to state prisoners seeking the reinstatement of an appeal through federal habeas corpus relief. Inasmuch as petitioners for habeas corpus relief must still show that their direct appeals within the State's appellate system were indeed frustrated, we do not anticipate that this holding will place an undue burden on either state or federal courts.

■ Having concluded that the merits of Randazzo's aborted direct appeal are not to be considered in this habeas corpus petition for the purpose of deciding prejudice, we must decide whether Randazzo's appeal was improperly frustrated. The State concedes that, if Randazzo had indeed been indigent at the time of the unperfected appeal, serious constitutional questions would be raised under *United States ex rel. Edwards v. Follette,* 399 F.2d 298 (2 Cir. 1968), and *United States ex rel. Sammarco v. LaVallee,* 305 F.Supp. 759

(S.D.N.Y.1969). However, respondent urges that Randazzo's claim of indigency, not raised until 1966,[2] should not be credited. While we may agree that Randazzo has an uphill battle in demonstrating his asserted indigency in 1950, we cannot sit as a fact-finding panel. Although Randazzo's long delay may tend to discredit his claim, we recognize that an attempt to raise the issue could easily have been considered futile before the rights of indigents on appeal were fully developed. See, e. g., Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L. Ed.2d 501 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963). Therefore, the case must be remanded to the district court for a hearing on whether Randazzo was indigent at the time of his unperfected appeal in 1950.

As to the claim of ineffective assistance of counsel, again the district court looked to the merits of Randazzo's appeal in deciding whether Mr. Dickman's conduct was such as to shock the conscience of the court and make the proceedings a farce and a mockery of justice. United States v. Wight, 176 F.2d 376, 379 (2 Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); United States v. Currier, 405 F.2d 1039, 1043 (2 Cir.), cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969). Had Dickman consulted with Randazzo as to the usefulness of the appeal and if Randazzo had then, after consultation with counsel, decided not to appeal, it is clear that the merits of the appeal would be quite relevant to the quality of Mr. Dickman's representation and advice. However, that is not the case before us. Randazzo claims that Mr. Dickman unilaterally decided not to prosecute the appeal without giving any notice to him. While counsel may not need to consult with his client on all tactical aspects of an appeal, cf. United States ex rel. Agron v. Herold,

426 F.2d 125 (2 Cir. 1970), clearly the client should be informed that counsel has decided to abandon the case so that the client may find alternative means of representation if he so desires. Benoit v. Wingo, 423 F.2d 880 (6 Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 45, 27 L. Ed.2d 89 (1970). Thus, if Randazzo was indeed unaware of Mr. Dickman's decision not to perfect the appeal, he was deprived of his right to the effective assistance of counsel. As with the claim of indigency, a hearing is required to determine the facts on this issue. While we realize that Mr. Dickman's death in 1953 poses a significant hurdle in the fact-finding process, we are confident that counsel will be thorough in collecting some remnants of previous communications between Mr. Dickman and Randazzo or Randazzo's family.

The question of the lack of notice of the motion to dismiss the appeal remains. The State argues that we should consider this court's affirmance of the denial of Randazzo's 1965 habeas corpus petition as dispositive. However, there has been considerable intervening development of the law concerning the rights of defendants on appeal. See, e. g., Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967); United States ex rel. Smith v. McMann, 417 F.2d 648 (2 Cir.), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); United States ex rel. Witt v. LaVallee, 424 F.2d 421 (2 Cir. 1970). Because a hearing is already required on other aspects of Randazzo's petition, the claim of lack of notice should also be reconsidered by the district court. Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Finally, Randazzo claims that he was improperly denied a "Huntley hearing" in the state courts as to the voluntariness of certain statements which

---

2. As mentioned above, Randazzo contends that Mr. Dickman filed a motion for leave to appeal *in forma pauperis*, thus raising in 1950 the issue of indigency.

However, no record of such a motion has been found. Thus, another factual question is presented which bears upon the claim of indigency.

were admitted against him at trial. However, the record before us does not indicate any facts or allegations which would lead us to conclude that Randazzo's statements to the police detective were indeed involuntary. Without such a showing, habeas corpus is not available to correct possible deficiencies in the procedures used to decide the issue of voluntariness in the state courts. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971).

The case is remanded for a hearing on the issue of whether Randazzo's 1950 appeal was improperly frustrated.