**Roscoe R. RISER, Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom Prison, Appellee.**

**No. 73–2567.**

United States Court of Appeals, Ninth Circuit.

July 17, 1974.

Roscoe R. Riser, in pro. per.

A. Wells Peterson, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE and SNEED, Circuit Judges.

## OPINION

PER CURIAM:

Riser appeals from an order denying, without an evidentiary hearing, his habeas corpus petition seeking relief from his state court conviction for first degree murder. Riser's habeas petition presented multiple challenges to his conviction, including his claim that his trial counsel's failure to file an appeal for him or to tell him how to file an appeal on his own behalf deprived him of the effective assistance of counsel.

■ In Gairson v. Cupp (9th Cir. 1969) 415 F.2d 352, we held that counsel for a defendant convicted of a crime in a state court has an affirmative duty to protect his client's right of appeal by filing a notice of appeal for his client or by telling him how he can proceed on his own behalf. The failure to perform the obligation deprives a defendant of effective assistance of trial counsel when the lawyer knows that his indigent client may want to appeal and that his client does not know how to do so. The Gairson rule was reaffirmed in Sanders v. Craven (9th Cir. 1973) 488 F.2d 478.

■ In Rodriquez v. United States (1969) 395 U.S. 327, 89 S.Ct. 1715, 23 L. Ed.2d 340, the Supreme Court held in part that a defendant who was deprived of his right to appeal by the failure of trial counsel to file a notice of appeal was not required to specify the errors that he would have raised had an appeal been taken or to demonstrate that the denial of appeal was prejudicial in order to state a prima facie case warranting postconviction relief. We applied this rule in Gairson and Sanders in granting federal habeas relief to state prisoners.

■ Riser's petition stated a prima facie case for relief under Rodriquez, Gairson, and Sanders. His appeal could be decided by a simple remand citing those cases but for Buster v. Hocker (9th Cir. 1970) 428 F.2d 820, a brief per curiam opinion decided after Gairson and before Sanders stating:

"In our view, Rodriquez v. United States [citation omitted] is not necessarily applicable on federal habeas corpus review of state convictions.

"Although counsel neglected to complete the state appeal, before we should interfere there should be a showing that there was a valid point that was lost by not taking the state appeal. The point that was lost here for Buster was a contention that he was interrogated in violation of Miranda v. Arizona [citation omitted].

"We agree with the district court that the record before it shows that Buster's interrogation at the time was not custodial. Here examination of the state record was enough without an evidentiary hearing."

Unlike Rodriquez, Gairson, and Sanders, Buster stated the point that he would have raised on appeal and both the district court and our court decided that issue on the merits. Buster's reference to Rodriquez, therefore, is dictum, but it is dictum that is contrary to the holdings of Gairson and Sanders. To avoid any appearance of intracircuit conflict on the issue, we now expressly overrule the Buster dictum.

Following the procedure we adopted in Gairson and Sanders, we do not reach the merits of any points that Riser could have raised on his thwarted appeal. The cause will be remanded to the district court for an evidentiary hearing limited to the questions whether Riser's lawyer knew that he wanted to appeal, knew that his client was indigent, and knew that his client was ignorant of his in forma pauperis rights or the procedure to appeal. If the district court decides that Riser was deprived of the effective assistance of counsel, then, as in Sanders, "it should give the California courts the opportunity to allow the appeal and pass on the substance" of his other claims of error. (Sanders v. Craven, supra, 488 F.2d at 480.)

Reversed and remanded with instructions.