Robert M. MILLER, Petitioner-Appellant,

v.

Daniel J. McCARTHY,
Respondent-Appellee.

No. 77–1508.

United States Court of Appeals,
Ninth Circuit.

Oct. 31, 1979.

Susannah J. Convery, Walnut Creek, Cal., for petitioner-appellant.

Clifford K. Thompson, Jr., Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before DUNIWAY and ELY, Circuit Judges, and FITZGERALD,* District Judge.

DUNIWAY, Circuit Judge:

Robert Miller appeals from the district court's denial of his petition for a writ of habeas corpus. We reverse and remand for an evidentiary hearing.

## I. *Background.*

Miller went to trial before a jury in a California superior court on a charge of rape. During the trial, on January 27, 1970, he changed his plea to *nolo contendere.* He was represented by counsel. The state concedes, and the transcript of his trial shows, that the trial court did not tell Miller that he could receive a sentence of three years to life in the state prison, the sentence that he did receive.

---

* The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

Miller's attorney did not file a notice of appeal, although Miller says that he paid his attorney to appeal. Miller himself did not prosecute an appeal, because, he says, he did not know how, and his counsel did not tell him how.

On February 25, 1975, Miller petitioned the district court for a writ of habeas corpus. On August 1, 1975, the district court denied relief on the ground that Miller had failed to exhaust his state remedies because he had failed to seek leave to file a late appeal under former Rule 31(a) of the California Rules of Court before that rule had been deleted effective January 1, 1972.

Acting *pro se,* Miller filed what he entitled a "Petition for Writ of Habeas Corpus/Belated Appeal Rule 31(A)" in the California Supreme Court on August 10, 1975. On September 10, 1975, that court entered an order denying relief. It simply read, "Petition for writ of habeas corpus DENIED." Because the order did not refer to the belated appeal provision and because that provision had been deleted effective over three and one-half years earlier, *see Harris v. Superior Court,* 9 Cir., 1974, 500 F.2d 1124, 1126 (*in banc*), we assume that the California Supreme Court did not entertain a belated appeal in Miller's case, but simply treated Miller's petition as a petition for a writ of habeas corpus and denied it. That denial was on the merits, and Miller has exhausted his state remedies. *Harris v. Superior Court, supra,* 500 F.2d at 1128–1129. After Miller filed an amended petition on September 18, 1975, the district court reached the merits in an order entered November 19, 1975. The order denied relief, essentially by limiting *United States ex rel. Pebworth v. Conte,* 9 Cir., 1974, 489 F.2d 266, to its facts. Miller appeals from that order.

II. *The Trial Court's Failure to Inform the Defendant of the Possible Penalty.*

Under California law, a plea of *nolo contendere* ordinarily has the same legal effect as a plea of guilty. *See* Cal.Penal Code § 1016; *Philips v. Attorney General of the State of California,* 9 Cir., 1979, 594 F.2d 1288, 1290. We thus apply the federal law governing the reception of guilty pleas in state courts to Miller's plea of *nolo contendere.*

In *Pebworth, supra,* 489 F.2d at 267, 268, we held as a matter of federal constitutional law that knowledge of "the range of allowable punishment" is so important to a defendant who offers a guilty plea, that it is "the responsibility of the state court judge to advise a defendant of . . . the punishment that may be imposed." *Accord, Yellowwolf v. Morris,* 9 Cir., 1976, 536 F.2d 813, 816, n. 5. The district court denied Miller's petition because it read *Pebworth* as holding that

the defendant's unfamiliarity with the maximum sentence does not necessarily invalidate a guilty plea, but rather is a factor to be considered in determining whether the plea is made understandingly.

R–29.

In our subsequent decision in *Yellowwolf v. Morris, supra,* 536 F.2d at 815–816, we rejected that interpretation and read *Pebworth* as establishing a "prophylactic" rule that a guilty plea must be set aside where a state court judge fails to advise the defendant on the record of the "potential sentence." We do not, however, apply the *Pebworth* rule to reverse Miller's conviction because *Yellowwolf* also held that *Pebworth* would not apply retroactively. 536 F.2d at 816. Miller entered his plea on January 27, 1970. *Pebworth* was not decided until January 2, 1974.

Nevertheless, while *Yellowwolf* held that *Pebworth* announced a new prophylactic rule, it also recognized that the principle which the rule was designed to protect predated *Pebworth.* It thus held that a defendant who pled guilty before *Pebworth* could have his plea set aside if he could show that he would not have pled guilty had he known the potential sentence that he could have received. Where the district court fails to conduct an evidentiary hearing to resolve the issue, the proper procedure is to vacate the district court's denial of the petition and remand for such a hear-

ing. *Yellowwolf, supra,* 536 F.2d at 816–817.

■ The state argues that Miller did not explicitly state that he would not have entered his plea had he been advised of the penalty, but we do not deny relief on this ground. Miller's successive petitions do fairly allege that fuller information would have altered his decision to enter his plea. He has consistently alleged that he did not know that he could receive the potential life sentence that he received. He also asserted that his trial counsel persuaded him to "change his plea for a grant of probation," thus suggesting that his trial counsel told him that he would be placed on probation if he entered his plea. Under these circumstances, Miller is entitled to an evidentiary hearing to resolve his claims.

### III. *Ineffective Assistance of Counsel.*

Miller alleges that he gave his retained trial counsel a $750 birthday ring in return for his counsel's promise to prosecute an appeal. He further alleges that although he continually urged his attorney to act, the attorney failed to meet with him to discuss the appeal, failed to file a timely notice of appeal, and failed to explain to him how he could prosecute an appeal himself. The district court did not hold an evidentiary hearing on, or discuss, these contentions.

We have held that, if allegations such as Miller makes are true, a defendant has been denied his constitutional right to the effective assistance of counsel. *Gairson v. Cupp,* 9 Cir., 1969, 415 F.2d 352, 353–354. *Accord, Riser v. Craven,* 9 Cir., 1974, 501 F.2d 381, 382 (*in banc*); *Sanders v. Craven,* 9 Cir., 1973, 488 F.2d 478, 479–480. Here, the state argues that Miller's counsel did not take steps to appeal because Miller had no meritorious issue to raise. This argument we reject for two reasons:

1. Our reversal on the knowledge of the possible sentence issue shows that Miller did, in fact, have a colorable claim.

2. After *Anders v. California,* 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and its progeny, defense counsel may not sabotage his client's appeal by inaction even if he thinks that it is without merit.

■ Under our decisions, Miller need not show that he was prejudiced by loss of his right to appeal. As we said in *Riser v. Craven, supra,* 501 F.2d at 382:

In *Rodriguez* . . . the Supreme Court held in part that a defendant who was deprived of his right to appeal by the failure of trial counsel to file a notice of appeal was not required to specify the errors that he would have raised had an appeal been taken or to demonstrate that the denial of appeal was prejudicial . . .

In *Riser* we overruled *Buster v. Hocker,* 9 Cir., 1970, 428 F.2d 820, on precisely that issue.

If in fact Miller did know how to appeal but elected not to do so, he would not be entitled to relief. *Whitney v. Craven,* 9 Cir., 1972, 460 F.2d 1267. On this issue, as we held in *Whitney,* the burden of proof is on Miller. The district court will bear in mind, in considering Miller's claim about his right to appeal, that the right is a limited one in a case where a guilty plea is entered. *See* Cal.Penal Code § 1237.5. Nevertheless, his counsel was obligated to explain Miller's right to him. ˙

California asserts that Miller "[r]epeatedly . . . was advised that he must first file a late appeal; he ignored this advice" (brief p. 11). California claims that, for this reason, Miller has waived his claim that he was denied effective assistance of counsel, citing *Packnett v. United States,* 5 Cir., 1974, 503 F.2d 949, 951. That case does not go so far; there, the court offered Packnett an appeal, which he declined. Moreover, we are cited to no part of the record that supports California's factual assertion.

We conclude that Miller is entitled to a hearing on his claim that he was denied effective assistance of counsel on appeal.

### IV. *Conclusion.*

On remand, the district court should grant Miller a hearing on his claim that his plea was invalid. If the court finds that the plea was invalid, it should give the state

a reasonable time within which to set aside the conviction and permit Miller to plead again. If the state does not act, the district court will issue the writ. If that is done, Miller's further claim that he was denied effective assistance of counsel will be moot.

If the district court finds that Miller did know what the possible penalty was when he entered his plea, or that, if he had known, he would have entered the same plea, it will deny Miller's petition insofar as it rests upon the claimed invalidity of his plea.

In that case, the court will proceed to hear Miller's claim that he was denied effective assistance of counsel. If the court rejects that claim, it will deny the writ. If it sustains that claim, it will give the state a reasonable time in which to permit Miller to appeal. *See Gairson v. Cupp, supra; Sanders v. Craven, supra; Riser v. Craven, supra.* If the state does so, the district court will deny the writ. If the state does not do so, the district court will issue the writ.

Reversed and remanded for further proceedings consistent with this opinion.