PEOPLE v TURNER

Docket No. 48095. Submitted January 7, 1982, at Detroit.—Decided
March 8, 1982.

Herman B. Turner was convicted of armed robbery, Recorder's
Court of Detroit, Michael J. Connor, J. Defendant appealed and
the Court of Appeals remanded the case to the trial court for
an evidentiary hearing to determine whether defendant was
provided with effective assistance of counsel. Order of April 18,
1980. The trial court denied defendant's request for a new trial,
and defendant now appeals from the trial court's determination
that he was not denied effective assistance of counsel. *Held:*

1. Defendant failed to provide the necessary evidentiary
support for his claim that his attorney's failure to call an
alleged alibi witness amounted to ineffective assistance of coun-
sel.

2. Defense counsel's failure to move for suppression of pre-
trial identification evidence was a trial tactic which allowed the
defense counsel to bring before the jury the questionable na-
ture of the identification and was not ineffective assistance of
counsel.

3. Defense counsel's failure to move for a severance from the
trial of a codefendant was not ineffective assistance where the
defendant was found to have insisted on having a joint trial
when offered the opportunity for a severance.

4. Defense counsel's overall performance was adequate and
the defendant has failed to show that he suffered prejudice
from counsel's representation.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21A Am Jur 2d, Criminal Law §§ 752, 984 *et seq.*

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

[4] 21A Am Jur 2d, Criminal Law §§ 716, 952.

29 Am Jur 2d, Evidence § 371.

58 Am Jur 2d, New Trial §§ 29, 31, 129, 138.

Admissibility of evidence as to extrajudicial or pretrial identifica-
tion of accused. 71 ALR2d 449.

[5] 59 Am Jur 2d, Parites § 106.

1. ATTORNEY AND CLIENT — CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL.

An attorney representing a criminal defendant, in order to satisfy the constitutional requirement of effective assistance of counsel, must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.

2. ATTORNEY AND CLIENT — CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL.

A defendant can be denied the right to a fair trial if his counsel makes a serious mistake but, where the attorney otherwise satisfies the constitutional requirements for effective assistance of counsel, a new trial should not be granted unless the court finds that but for the mistake the defendant would have had a reasonably likely chance of acquittal.

3. ATTORNEY AND CLIENT — CRIMINAL LAW — DEFENSES.

A criminal defendant is entitled to have defense counsel investigate, prepare and assert all substantial defenses; a substantial defense is one which, if asserted, might make a difference in the outcome of the trial.

4. CRIMINAL LAW — NEW TRIAL — PRETRIAL IDENTIFICATION.

A new trial should not be granted on the basis of an allegedly improper pretrial identification where the indentification procedure was not so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law or where, even if the procedure was unduly suggestive, the record establishes that a complainant's in-court identification of the defendant was sufficiently independent of the pretrial procedure to purge any taint of illegality.

5. CRIMINAL LAW — TRIAL — SEVERANCE.

Severance of a defendant's trial from that of a codefendant should be granted where the defenses of the codefendants are antagonistic.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Bernard Zack,* for defendant on appeal.

Before: BASHARA, P.J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and appeals.

Defendant was tried jointly with Jeffrey Bradford, who was acquitted by the jury. The complainant, a Miss Sweeney, testified that three young men, two of whom she identified as codefendants, approached her in a supermarket parking lot. While two of the men looked on, defendant Turner knocked complainant to the ground, struck her with a lead pipe, and fled with her purse. Defendants and a third man, Gregory Dillard, were stopped by a police officer several blocks away at which time complainant's purse was recovered.

After appeal, this Court granted defendant's motion to remand to the trial court for an evidentiary hearing to determine whether he was provided with effective assistance of counsel. The trial court conducted the hearing and denied defendant's request for a new trial on that ground.

The major thrust of defendant's appeal involves the determination by the trial judge at the evidentiary hearing that defendant had not been denied effective assistance of counsel.

In Michigan, the merit of a claim of ineffective assistance of counsel is determined by the application of a bifurcated standard. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). The first prong of the test focuses on the Sixth Amendment right to counsel, for which the Supreme Court has adopted the standard established in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974), *People v Garcia, supra,* 264. To satisfy the constitutional

requirement of effective assistance of counsel, the attorney's overall performance must be reviewed. The attorney "must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations". *Id.*

The second prong, developed originally in *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), examines whether particular mistakes of defense counsel jeopardized defendant's right to a fair trial. The Court in *Garcia* stated:

"However, even where assistance of counsel satisfies the constitutional requirements, defendant is still entitled to a fair trial. Defendant can be denied this right if his attorney makes a serious mistake. But a court should not grant a new trial unless it finds that but for this mistake defendant would have had a reasonably likely chance of acquittal. *Degraffenreid, supra,* 718." *Garcia, supra,* 266.

Defendant first claims that defense counsel's failure to call Gregory Dillard as an alibi witness supported a finding of ineffective assistance of counsel. We disagree.

A criminal defendant is entitled to have defense counsel investigate, prepare and assert all substantial defenses. A substantial defense is one which, if asserted, might have made a difference in the outcome of the trial. *People v Foster,* 77 Mich App 604, 609; 259 NW2d 153 (1977), *lv den* 401 Mich 812 (1977). Defendant failed to call Dillard as a witness at the evidentiary hearing and failed to advance any proof in support of his claim that Dillard would have corroborated his version of events rather than that of his codefendant. Defendant has failed to provide the necessary eviden-

tiary support of his claim. *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971), *lv den* 386 Mich 768 (1971).

Defendant next claims that defense counsel committed a serious mistake in failing to move to suppress the pretrial lineup identification of defendant by complainant. At trial, defendant testified that Miss Sweeney had initially identified another individual in the lineup and that the officer in charge urged her to take a closer look, whereupon she identified the defendant. At trial, both complainant and the officer who conducted the lineup denied that anyone other than defendant had been identified.

Assuming defendant's version of the facts is true, we are not convinced that the suggestion to take a closer look rendered the identification procedure "so unnecessarily suggestive and conducive to irreparable mistaken identification" that defendant was denied due process of law. *Stovall v Denno,* 388 US 293, 302; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). Even if the lineup had been unduly suggestive, the record establishes that the complainant's in-court identification was sufficiently independent of the pretrial procedure to purge any taint of illegality. See *People v Kachar,* 400 Mich 78, 95-96; 252 NW2d 807 (1977). Moreover, by not moving to suppress the pretrial identification, defense counsel was able to question defendant before the jury regarding the complainant's "uncertain" identification of the defendant. Such testimony bolstered the defense of mistaken identification and can be characterized as a trial tactic. See *People v Phelps,* 57 Mich App 300, 306; 225 NW2d 738 (1975), *lv den* 395 Mich 773 (1975).

Defendant next alleges that defense counsel improperly failed to move for severance of his trial

from that of defendant Bradford. Severance should be granted when the defenses of joint defendants are antagonistic. *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976).

The defenses of the codefendants in the instant case were antagonistic. However, when questioned at trial about why he had failed to join co-counsel's motion for separate trials, defense counsel explained that defendant Turner had insisted upon a joint trial. At the evidentiary hearing, defense counsel explained that his failure to bring a motion for severance was due to the fact that defendant Turner, after having been informed by defense counsel of what his codefendant was expected to testify to and of his right to a separate trial, had insisted upon being tried with codefendant Bradford, as he was certain Bradford would corroborate his story.

The trial judge, at the evidentiary hearing, found defense counsel's version of events to be credible. He found that defendant had been aware of his right to a separate trial but had, nevertheless, demanded to go forward as a joint defendant. Based on the foregoing facts, we find no error in the trial judge's finding that defendant had been rendered effective assistance of counsel.

As to other facts and omissions by defense counsel presented by defendant in support of his claim of ineffective assistance of counsel, defendant has failed to show that he suffered any prejudice therefrom. We find on the record that defense counsel's overall performance was adequate. Counsel conducted a vigorous voir dire, ably cross-examined witnesses, made numerous and appropriate objections during trial, and overall, adequately presented defendant's rather weak defense of mistaken identification.

We are convinced that defendant had been provided effective assistance of counsel at trial and that the trial judge properly denied defendant's motion for a new trial on those grounds.

Defendant's further claim that counsel for codefendant Bradford improperly argued her belief in defendant's guilt is without merit. Counsel was merely reviewing evidence presented at trial and drawing permissible inferences therefrom. See *People v Caldwell,* 78 Mich App 690, 692; 261 NW2d 1 (1977).

Affirmed.