Donald L. **ANDERSON**, Applicant and Appellant,

v.

**STATE** of South Dakota, Respondent and Appellee.

No. 14613.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1985.

Decided Aug. 21, 1985.

Robert W. Swank of Hanson, Stiles, Anderson & Swank, Mitchell, for applicant and appellant.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

Appellant Donald L. Anderson (Anderson) was convicted of forgery under SDCL 22–39–36. His attorney failed to perfect a timely appeal. Anderson then applied for a writ of habeas corpus and a peremptory writ was issued. After a hearing on the matter, the trial court quashed the writ of habeas corpus and dismissed an amended application for writ of habeas corpus. The trial court issued a certificate of probable cause and Anderson served and filed his notice of appeal. We affirm.

A jury convicted Anderson of forgery for cashing a check issued to his estranged wife, Jean Anderson, by endorsing the check in her name. After Anderson was sentenced, he informed the trial court that he would appeal the conviction and requested that a Sioux Falls attorney with whom he had discussed the potential appeal be appointed as appellate counsel. The trial court granted that request. Sixteen days after the judgment of conviction was entered, appellate counsel mailed a notice of appeal to the South Dakota Attorney General's Office and to the Lake County Deputy State's Attorney and thereby fulfilled two of the three filing requirements set out in SDCL 23A–32–16. Appellate counsel failed, however, to perfect the appeal by timely filing the notice of appeal with the clerk of courts. Appellate counsel apparently mailed the notice of appeal, along with his order for a transcript, to the trial judge's court reporter under the assumption that the court reporter would file the notice of appeal with the clerk of courts. The court reporter did not file the notice of appeal and apparently discarded both documents after preparation of the trial transcript.

On August 19, 1983, more than two months after time for appeal elapsed, appellate counsel discovered that the notice of appeal had not been filed with the Clerk of the Supreme Court. On August 26, 1983, appellate counsel served a second notice of appeal on the state's attorney and the attorney general's office and requested this court to permit him to file a late notice of appeal. Because the statutory time limit set out in SDCL 23A–32–15 is jurisdictional, the request was denied and Anderson's appeal was dismissed.

In his application for habeas corpus below, Anderson contended that dismissal of his appeal foreclosed review of numerous procedural defects in his trial. He raises two issues on this appeal from the trial court's order quashing the writ of habeas corpus: (1) whether he was denied his con-

stitutional right to due process through ineffective assistance of counsel when appellate counsel failed to perfect an appeal of the conviction, and (2) whether he was denied his constitutional right of due process through ineffective assistance of trial counsel at trial. Because Anderson is presently being represented by the third in a series of court-appointed counsel, we will refer to his various counsel in the following manner. The counsel who represented him at the criminal trial will be referred to as "trial counsel"; the counsel who represented him on the aborted appeal will be referred to as "appellate counsel"; and the counsel who represented him in the habeas corpus proceedings and represents him on this appeal will merely be referred to as "counsel."

■ There are three important rules on the right of effective assistance of counsel. First, Anderson had a right to representation by counsel in the criminal prosecution against him. United States Constitution, Amendment VI; South Dakota Constitution, Article VI, Section 7. Second, representation is guaranteed at every critical stage of a criminal proceeding, including appeal. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (cited in *Hinkle v. State*, 290 N.W.2d 28 (Iowa 1980)); *State v. Moore*, 203 Neb. 94, 277 N.W.2d 554 (1979). Third, the constitutionally guaranteed representation must be adequate and effective; a mere perfunctory and casual representation does not satisfy the guarantee. *State v. Pieschke*, 262 N.W.2d 40 (S.D.1978).

■ "A vital corollary of this guarantee is the requirement of *effective* assistance of counsel, that is, counsel reasonably likely to render and rendering reasonably effective assistance given the totality of the circumstances." *Washington v. Strickland*, 693 F.2d 1243, 1250 (5th Cir.1982) (emphasis in original), *aff'd* on this issue in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The same standards that are applied to trial counsel's competence should apply in measuring appellate counsel's competence.

*Hinkle, supra.* In reviewing the adequacy and effectiveness of representation, we must determine whether counsel exercised the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *High Elk v. State*, 344 N.W.2d 497, 500 (S.D. 1984).

We will first review the issue of ineffective assistance of appellate counsel. Counsel cites us to our holding in *Grooms v. State*, 320 N.W.2d 149 (S.D.1982), for the propositions that: (1) defense counsel's failure to perfect an appeal was a deprivation of his client's constitutional right to effective assistance of counsel; and (2) such deprivation warranted a new trial for defendant upon his application for post-conviction relief.

■ Anderson contends that failure to perfect an appeal amounts to *per se* ineffective assistance of counsel and warrants reversal of the conviction and remand for a new trial. We disagree.

Not every instance of ineffective assistance requires the reversal of a conviction, however, for a defendant must demonstrate that he has suffered prejudice as a result of the ineffective representation. (citations omitted) Moreover, the prejudice must be material to warrant relief by way of reversal.

*High Elk*, 344 N.W.2d at 501; *Miller v. State*, 338 N.W.2d 673 (S.D.1983).

"[A] rule of per se prejudice would be contrary to the teachings of *United States v. Morrison*, 449 U.S. 361, 364–65, 101 S.Ct. 665,668, 66 L.Ed.2d 564 (1981), that the remedy for a violation of defendant's right to adequate assistance of counsel should be tailored to the harm caused by that violation." *Strickland*, 693 F.2d at 1259 (emphasis in original).

Additionally, a rule of per se prejudice is especially inappropriate in the case of ineffective assistance because the state is not responsible for the violation of the petitioner's rights. Since the rule would not serve to deter the state from any unconstitutional course of action, the

sole effect of the rule would be to bestow an undeserved windfall upon criminal defendants who were not harmed by the errors of their attorneys.

693 F.2d at 1260. "Finally, the proposed rule would distort the function of the writ of habeas corpus.... The writ exists to redress fundamental unfairness in ... criminal proceedings." *Id.*

Counsel has grossly misstated our decision in *Grooms, supra.* The remand for new trial in *Grooms* was not predicated solely upon the failure of counsel to perfect an appeal. Rather, it was first predicated on trial counsel's failure to propose a jury instruction on the necessity for corroboration of accomplice testimony. The decision points out the importance of the instruction in order to negate the damning testimony of an accomplice. Noting that on post-conviction proceedings we were precluded from reviewing the alleged jury instruction errors, we stated: "[T]rial counsel's failure to request a precautionary jury instruction regarding the reliability of accomplice testimony *and* his failure to timely appeal from appellant's conviction are evidence of his failure to protect the interests of appellant." 320 N.W.2d at 152 (emphasis added). We further concluded: "In light of the circumstances before us, we find that appellant was denied adequate and effective assistance of counsel and we reverse and remand for a new trial." *Id.*

■ The trial court in the habeas corpus proceedings below concluded as a matter of law that:

Failure of Defendant's second attorney to properly bring an appeal on time is not in and of itself sufficient to entitle the Defendant to question the Judgment of Conviction by collateral attack. The Defendant must demonstrate prejudicial error at trial proceedings, which in this case has not been done.

We agree with that conclusion.

■ We then examine the second aspect, whether trial counsel was so ineffective as to deprive Anderson of his constitutional right of due process. In order to show the ineffectiveness of trial counsel's represen-

tation, Anderson must show that he failed to perform an essential duty and that prejudice resulted therefrom. *Thomas v. Lockhart,* 738 F.2d 304 (8th Cir.1984); *United States v. Peeler,* 738 F.2d 246 (8th Cir.1984). The prejudice shown must work to the defendant's actual and substantial disadvantage and infect the entire trial with error of constitutional dimensions. *Miller, supra.* Anderson has the burden of proof and must demonstrate that his constitutional rights have been violated. *In Re Grand Jury Subpoena,* 739 F.2d 1354 (8th Cir.1984).

The United States Supreme Court considered the issue of ineffective assistance of counsel in *Strickland,* — U.S. at —, 104 S.Ct. at 2068, 80 L.Ed.2d at 698, and set out the appropriate test for prejudice:

[T]he defendant [must] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The *Strickland* Court further stated: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." — U.S. at —, 104 S.Ct. at 2070, 80 L.Ed.2d at 699.

Anderson attempted to demonstrate, first, that because trial counsel failed to file a motion to suppress the identification, the trial court improperly admitted identification testimony by the supermarket checkout clerk who accepted the forged check. Anderson complains that the identification was based on an improper photo lineup which consisted of six photographs, including two of Anderson and two of men the clerk recognized as acquaintances. The trial judge who presided over the habeas corpus hearing concluded that, as a matter of law, the identification was lawful and sufficient and that there was no showing that a suppression motion would have been granted by the trial court.

■ In *State v. Iron Thunder,* 272 N.W.2d 299 (S.D.1978), we set out a two-prong test for photographic lineups: (1) Was the lineup impermissibly suggestive, and (2) if so, was the subsequent in-court identification tainted? The Eighth Circuit Court of Appeals in *United States v. Mefford,* 658 F.2d 588 (8th Cir.1981), *cert. denied* 455 U.S. 1003, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982), adopted the same test as was developed in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The first requisite determination is whether an impermissibly suggestive procedure was used to obtain the identification. *Mefford, supra; Manson, supra.* While the trial judge who heard the writ did not rule on this question, he did rule on the key inquiry, the second prong. He found that the clerk gave an accurate description of Anderson and the details of her transaction with him before she viewed the photo lineup and that the identification was therefore reliable. *See Manson, supra; Iron Thunder, supra; State v. Dace,* 333 N.W.2d 812 (S.D.1983). The circuit judge correctly determined that the check-out clerk's in-court identification was reliable, *Mefford, supra; Manson, supra,* and of independent origin. *See Dace, supra.* The preliminary hearing and trial transcripts support this conclusion. The "totality of the circumstances" may be considered in determining the reliability of the identification even though the identification procedure was suggestive. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Anderson,* 618 F.2d 487 (8th Cir.1980); *State v. Reiman,* 284 N.W.2d 860 (S.D.1979). We hold that in this instance, although the photo identification is not ideal, the in-court identification was reliable and had a sound origin independent of the photo lineup.

■ This court held in *Mullins v. State,* 287 N.W.2d 101 (S.D.1980), that failure to move for suppression of an identification based on a preliminary hearing which constituted a one-man lineup, or to object to foundation for in-court identification, does not constitute ineffective assistance of counsel when the State establishes that the in-court identification had an origin independent of the defective lineup. *See also State v. Newman,* 326 N.W.2d 788 (Iowa 1982); *People v. Coles,* 417 Mich. 523, 339 N.W.2d 440 (1983); *People v. McCuaig,* 126 Mich.App. 754, 338 N.W.2d 4 (1983); *People v. Hunt,* 120 Mich.App. 736, 327 N.W.2d 547 (1982); *People v. Turner,* 115 Mich.App. 247, 320 N.W.2d 57 (1982); *People v. Johnson,* 113 Mich.App. 414, 317 N.W.2d 645 (1982); *People v. Coyle,* 104 Mich.App. 636, 305 N.W.2d 275 (1981); *State v. Hunt,* 212 Neb. 304, 322 N.W.2d 624 (1982); *State v. Hunt,* 212 Neb. 214, 322 N.W.2d 621 (1982).

■ Second, Anderson contends that trial counsel failed to raise several requested objections to the trial court's jurisdiction. This contention is based on his assertion that he was not aware that his name had been deleted from the South Dakota Housing Authority program that issued the check he passed.[*] This argument is ludicrous. Anderson forged his wife's signature on the check *because* he was not listed as a payee on that instrument. If his name had been on the check he would not have forged her endorsement. He should have at least questioned his right to the proceeds. The trial judge who presided over the hearing on the writ correctly concluded that this argument is without merit.

■ Third, Anderson complains of the denial of his trial counsel's motion to suppress his ex-wife's testimony at the preliminary hearing and trial on grounds that it was protected by the interspousal communication privilege. This is not properly an issue of ineffective assistance, inasmuch as trial counsel did move for suppression. At the hearing on this writ, the trial judge concluded that the ex-wife's testimony was properly admitted. We agree.

In his reply brief, Anderson cites us to *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), for the proposition that he should not be required

---

[*] Defense counsel covered this theory extensively at trial.

to demonstrate likelihood of success on appeal. We disagree with his interpretation of that decision. The Court was examining what it termed the Ninth Circuit rule, which required would-be applicants, under 28 U.S.C. § 2255, who were applying to proceed *in forma pauperis* under 28 U.S.C. § 1915, to show some likelihood of success in their application. Revisors' notes in USCA describe § 2255 as a procedure in application. Revisors' notes in USCA describe § 2255 as a procedure in the nature of a writ of error *coram nobis*, providing an expeditious remedy for correcting erroneous sentences without resort to habeas corpus. The Court disapproved of the rule for two reasons. First, it would deprive indigents proceeding *in forma pauperis*, who had to prepare their own petition, of their only chance of appeal, since they would be unable to make out even a summary statement of points to be raised. Second, it would permit the District Court to screen out unmeritorious appeals by a procedure unfair to indigents, as opposed to nonindigents who would have professionally prepared petitions that would presumably meet the requirements. The crux of the opinion seems to lie in the issue of due process as between indigent applicants with *pro-se* applications and nonindigent applicants with professionally prepared applications. We find the following language in the *Rodriquez* decision: "Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." 395 U.S. at 330, 89 S.Ct. at 1717, 23 L.Ed.2d at 344. In our view, the hurdle referred to lies in the *in forma pauperis* petition under § 1915. To read it as broadly as Anderson suggests runs contra to the later decision pointed out earlier, *United States v. Morrison, supra.*

■ In view of the fact that indigent applicants have appointed counsel for preparation of their pleadings below, under our rules and present-day constitutional requirements, they do not have any hurdle to cross over that nonindigents do not have. The § 2255 procedure in *Rodriquez, supra,* was for the purpose of remanding for a new sentencing so that a timely notice of appeal could then be filed. In the § 1915 procedure, the Court did not examine the allegations of error, except to determine good faith. In our procedure, the court below rules on the alleged errors and we review them in the same manner that we would if they were before us on a regular appeal.

■ We conclude that this case is distinguishable from *Grooms, supra,* and *Rodriquez, supra,* and affirm the dismissal.

FOSHEIM, C.J., and WOLLMAN, J., concur.

HENDERSON, J., and TAPKEN, Circuit Judge, dissent.

TAPKEN, Circuit Judge, sitting for WUEST, Circuit Judge, acting as a Supreme Court Justice, disqualified.

TAPKEN, Circuit Judge (dissenting).

I respectfully dissent from the holding of the majority opinion.

The right to effective legal representation is guaranteed at every critical stage of a criminal proceeding, including appeal. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant desired to appeal his conviction of forgery and his court-appointed appellate counsel was aware of that decision. Counsel failed to file the notice of appeal with the clerk of courts as required by SDCL 23A–32–16, but rather stated he sent it to the court reporter with instructions to file the notice for him.

In *Grooms v. State,* 320 N.W.2d 149,152 (S.D.1982), we stated:

> Many federal and state courts have held that the failure of counsel to timely file a notice of appeal when instructed by one's client to do so constitutes a deprivation of the client's constitutional right to effective assistance of counsel. (Citations

omitted.) Failure to appeal within the prescribed time cannot be viewed as a strategic move on the part of the attorney. (Citation omitted.)

In *Jones v. State*, 353 N.W.2d 781,785 (S.D. 1984), we cited *Grooms, supra*, as authority for the proposition that failure of counsel to appeal is strong evidence of a failure to protect the interests of a defendant. In the case at bar, appellate counsel should have personally insured the notice of appeal was properly filed. I would hold his failure to do so constitutes ineffective assistance of counsel.

The majority opinion indicates appellant must not only show ineffective assistance of counsel, but, additionally, that he has suffered prejudice as a result. I agree this is the correct "two-fold" test appellant has the burden of proving. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jones, supra*. I disagree, however, with the application of the facts of the present case to the prejudice part of that "two-fold" test.

The analysis of the majority would require the appellant to show prejudice at the trial level through the writ of habeas corpus, *citing Grooms, supra*, as authority. In the present case, however, appellant suffered prejudice from the simple fact he was denied the statutory right to an appellate review. In *Jones, supra*, counsel's trial tactics were strongly indicative of incompetency. Further, counsel talked his client out of appealing her case because of concern for his reputation. In *Jones*, 353 N.W.2d at 786, we stated as follows:

As a result, Jones suffered actual prejudice at trial; *furthermore, Jones was prejudiced when no appeal was taken due to counsel's concern for his own reputation.* (Emphasis supplied.)

I interpret *Jones* as authority that prejudice exists for failure to appeal a client's case when requested to do so, irrespective of any errors that may have existed at the trial level.

The holding of the majority court would require an appellant to prove a successful appeal before relief would be granted for failure of counsel to perfect an appeal when requested by his client to do so. This is contrary to *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), wherein the Supreme Court held that federal statute has made the appeal from a judgment of conviction in a criminal case a right and nothing more than a simple deprivation of that statutory right of appeal need be shown before relief should be granted. In *Rodriquez*, the Court explicitly rejected a requirement imposed by the United States Court of Appeals, Ninth Circuit, that an appellant must show some likelihood of success on appeal before relief would be granted on failure to properly file an appeal. The *Rodriquez* decision has been consistently interpreted to mean that prejudice or likelihood of success on the merits need not be shown to establish ineffective assistance of counsel for failure to perfect a timely appeal. *Hollis v. United States*, 687 F.2d 257 (8th Cir.1982); *Barrientos v. United States*, 668 F.2d 838 (5th Cir.1982); *Perez v. Wainwright*, 640 F.2d 596 (5th Cir.1981); *Cleaver v. Bordenkircher*, 634 F.2d 1010 (6th Cir.1980); *Brown v. United States*, 623 F.2d 54 (9th Cir.1980); *Miller v. McCarthy*, 607 F.2d 854 (9th Cir.1979); *Cantrell v. State of Ala.*, 546 F.2d 652 (5th Cir.1977); *Riser v. Craven*, 501 F.2d 381 (9th Cir.1974); *United States ex rel. Williams v. LaVallee*, 487 F.2d 1006 (2d Cir.1973), *cert. denied*, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974); *United States ex rel. Randazzo v. Follette*, 444 F.2d 625 (2d Cir.1971); *Nance v. United States*, 422 F.2d 590 (7th Cir. 1970); *Wilbur v. State of Maine*, 421 F.2d 1327 (1st Cir.1970). Contrary to the analysis of *Rodriquez* in the majority opinion, the above decisions have not limited the ruling as only applicable to indigents or applicants under 28 U.S.C. § 1915 or § 2255.

As above stated, present South Dakota law provides a defendant the statutory right to appeal from a final judgment of conviction. SDCL 23A–32–2. A number of courts have applied the *Rodriquez* rule in cases where a state has statutorily established a defendant's right of appeal. *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981); *Miller, supra; Cantrell, supra;*

*Riser, supra; LaVallee, supra; Follette, supra; Wilbur, supra; Galloway v. Stephenson,* 510 F.Supp. 840 (M.D.N.C.1981); *Blanchard v. Brewer,* 318 F.Supp. 28 (S.D. Iowa 1969). I find no sound reason why *Rodriquez* should not be applied to this case.

In my opinion, the majority's reliance upon *Strickland, supra,* and *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), is misplaced. Those cases dealt with trial tactics and prejudice resulting therefrom, not the failure to properly and timely perfect an appeal. Neither *Strickland* nor *Morrison* expressly overruled or limited, let alone mention, *Rodriquez,* which dealt with the clearly distinguishable issue of a person's statutory right to appeal from a judgment of conviction.

Appellant has been denied effective assistance of counsel. As a result, he has been denied his statutory right to appeal and has suffered prejudice as a result. I would remand the case to the trial court for resentencing and allow appellant the statutory opportunity to perfect his appeal. Whether any issues appellant has raised or might raise should be for another day.

I am authorized to state that Justice HENDERSON joins in this dissent.