**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. 08-16896 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-00021-FCD-DAD |
| v. | |
| M. YARBOROUGH; BILL LOCKYER, Attorney General, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted February 11, 2010
San Francisco, California

Before: THOMPSON and McKEOWN, Circuit Judges, and ZILLY,[**] Senior District Judge.

Richard Manuel Burgos appeals the district court's denial of his petition for

a writ of habeas corpus, which alleged ineffective assistance of trial and appellate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

counsel. Burgos, a California state prisoner, followed his trial counsel's advice in pleading no contest to several criminal charges and sentencing enhancements, while pleading not guilty to a "strike" (under California's "Three Strikes" law) which was later dismissed. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Burgos filed his federal habeas petition after April 24, 1996; thus, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case. *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). Under AEDPA, we deny a habeas corpus petition unless the state court's adjudication of the claims resulted in a decision contrary to, or involving an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (listing other grounds for granting a habeas corpus petition). We review de novo a district court's denial of a state prisoner's petition for habeas relief. *Juan H.*, 408 F.3d at 1269 n.7.

Burgos presents two certified issues.

## I.  Whether Burgos' plea of no contest was involuntary

The "clearly established Federal law" at issue in this case is the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). For an ineffective assistance of counsel claim, a petitioner must show:

2

(1) deficient performance by counsel that (2) prejudiced petitioner by adversely affecting the outcome of the proceeding. *Strickland*, 466 U.S. at 687-93. In particular, a petitioner challenging the voluntariness of a no contest plea "must show that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting, with addition, *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)); *see Miller v. McCarthy*, 607 F.2d 854, 856 (9th Cir. 1979) (explaining that federal constitutional principles governing guilty pleas in California apply equally to no contest pleas).

Burgos contends that his trial counsel failed to conduct a reasonable investigation into potential defenses and, thus, failed to uncover allegedly exculpatory evidence. Even assuming the performance of counsel was deficient, Burgos fails to show the existence of exculpatory evidence. Burgos, therefore, has not shown prejudice, as he has not demonstrated a reasonable probability that the result of the proceeding would have been different. Furthermore, when asked at the plea colloquy, "Are you entering this plea freely and voluntarily?", Burgos responded, "Yes." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

3

**II.** **Whether Burgos' appellate counsel rendered ineffective assistance by failing to raise claims on appeal**

Where a claim of ineffective assistance of counsel is based on an appellate attorney's failure to raise claims on appeal, the claimant must show (1) that his counsel was objectively unreasonable in failing to raise those claims, and (2) that the claims had a reasonable probability of success on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Burgos argues that his State appellate counsel erred by failing to challenge the voluntariness of Burgos' plea on the ground that Burgos had limited opportunities to confer with his trial counsel and to participate in his defense. Burgos, however, has failed to show any prejudicial error by his trial counsel arising from these alleged circumstances. Even assuming deficient performance by Burgos' appellate counsel in failing to raise the claims on appeal, Burgos does not show that any unasserted claim had a reasonable probability of success. Thus, Burgos has failed to show prejudice. *See Featherstone v. Estelle*, 948 F.2d 1497, 1506-07 (9th Cir. 1991).

Burgos also argues, without support, that his appellate counsel erred by failing to challenge Burgos' conviction and sentence on various other grounds. These claims fail because Burgos has not shown that the unasserted claims had any probability of success.

**CONCLUSION**

We deny Burgos' petition as to the two certified issues. Burgos' claims of ineffective assistance of trial counsel and appellate counsel are foreclosed by his failure to establish prejudice. We also conclude that the uncertified claims raised by Burgos in his opening brief do not warrant consideration, and we deny his motion to expand the certificate of appealability to include them. *See* 9th Cir. R. 22-1(e).

**AFFIRMED.**